UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JANE DOE 1, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01302-JRS-MKK |
| | ) | 1:23-cv-01303-JRS-MKK |
| BUTLER UNIVERSITY, et al., | ) | 1:23-cv-01306-JRS-MKK |
| | ) | |
| Defendants. | ) | |

## Order

Plaintiffs jointly move to have their identities protected while pursuing claims of negligence, gross negligence, battery, assault, and intentional infliction of emotional distress against Defendants Butler University, Michael Howell, and Ralph Reiff, Dkt. [3].[1] In their Motions, Plaintiffs ask to proceed under the pseudonym "Jane Doe 1" (1:23-cv-01302-JRS-MKK), "Jane Doe 2" (1:23-cv-01303-JRS-MKK), and "Jane Doe 3" (1:23-cv-01306-JRS-MKK). For the reasons set forth below, Plaintiffs' Motions are **GRANTED**.

### I. Background

The following facts, assumed to be true for the purposes of the following analysis, are taken from Plaintiffs' Complaints. (1302 Dkt. 1; 1303 Dkt. 1; 1306 Dkt. 1).

---

[1] Because the motions and responses are identical in each case, the Court will cite to the Motion, Responses, and Replies filed in Case No. 1:23-cv-01302-JRS-MKK. (Dkts. 3, 3-1). When the Court references specific allegations in each of the Jane Doe Complaints, the Court will include the identifying case number in the cites, *e.g.* "1302 Dkt. 1," "1303 Dkt. 1", "1306 Dkt. 1", etc.

a.  **Jane Doe 1**

In 2021, Plaintiff Jane Doe 1 played soccer for Butler University's women's soccer team. (1302 Dkt. 1 at 1-2, ¶1). Defendant Michael Howell ("Howell") was an assistant athletic trainer who was employed by Defendant Butler University ("Butler") and worked with the women's soccer team. (*Id.* at 5-6, ¶¶14, 19-20.). Defendant Reiff ("Reiff") was the athletic director at all relevant times. (*Id.*). From the spring of 2021 until the fall of that same year, Howell touched Jane Doe 1's breasts and genital area and rubbed his erect penis/genital area against Jane Doe 1's hand(s) during treatment sessions, photographed and recorded Jane Doe 1, and threatened to harm Jane Doe 1's standing on the soccer team by claiming he had incriminating evidence of Jane Doe 1 and other team members. (*Id.* at 12-16, 18.).

b.  **Jane Doe 2**

In 2019, Plaintiff Jane Doe 2 began attending Butler and playing for the women's soccer team. (1303 Dkt. 1 at 6, ¶27; 8, ¶46). While playing for Butler, Jane Doe 2 was subjected to isolation, grooming, manipulation, control, sexual assault, and other abuse from Howell. (*Id.* at 8, ¶46.). Specifically, Howell touched and rubbed Jane Doe 2's genital area, photographed Jane Doe 2 during workouts and while she was sleeping, and exposed Jane Doe 2's breasts and vaginal area during treatment and massage sessions. (*Id.* at 9-14.).

c.  **Jane Doe 3**

Like Jane Doe 2, Plaintiff Jane Doe 3 began playing women's soccer at Butler during the fall of 2019. (1306 Dkt. 1 at 6, ¶26). During Jane Doe 3's time playing

soccer, Howell told Jane Doe 3 that he had files against all the players that he would use against them if the players said anything bad about Howell. (*Id.* at 7, ¶32.). During a massage, Howell rubbed under Jane Doe 3's waistband and inner groin and exposed her vagina. (*Id.* at 13-14, ¶¶90-95.). Howell showed sexual movie clips to Jane Doe 3. (*Id.* at 9, ¶¶54-55.). Howell also subjected Jane Doe 3 to full body massages when they were unnecessary and unrelated to her complaints of pain. (*Id.* at 13-14.).

    d.    **Title IX investigation and results**

In September 2021, Plaintiffs reported Defendant Howell's sexual misconduct to a Butler coach. (1302 Dkt. 1 at 20, ¶153; 1303 Dkt. 1 at 16, ¶120; 1306 Dkt. 1 at 14, ¶99). The coach submitted an incident report to Butler, and a Title IX investigation ensued. (Dkt. 1 at 15). During the confidential investigation and hearings, Defendant Reiff and other Butler employees admitted that there were no written policies or procedures regarding athletic trainer conduct or interacting with athletes of the opposite sex from the trainer, and there were no appropriate reasons for Defendant Howell's treatments and massages. (Dkt. 3-1 at 6 (identifying the Title IX proceedings as "confidential"); 1302 Dkt. 1 at 23-26; 1303 Dkt. 1 at 18-20; 1306 Dkt. 1 at 15-16). After the investigation, a Title IX decision-making panel of independent counsel determined that Defendant Howell sexually assaulted and harassed Defendant Butler women's soccer players and noted that Defendant Howell did not show remorse but rather seemed to be angry or indignant at his

3

methods being questioned. (1302 Dkt. 1 at 23-26; 1303 Dkt. 1 at 18-20; 1306 Dkt. 1 at 15-16).

### e. The current lawsuits

On July 26, 2023, Plaintiffs filed the current lawsuits, accusing Defendants Butler and Reiff of negligence and gross negligence, and Defendants Butler and Howell of battery, assault, and intentional infliction of emotional distress. (1302 Dkt. 1 at 28-37; 1303 Dkt. 1 at 21-30; 1306 Dkt. 1 at 18-26). Simultaneous with their Complaints, Plaintiffs filed the Joint Motions now before the Court, asking for permission to proceed under the pseudonyms "Jane Doe 1," "Jane Doe 2," and "Jane Doe 3," respectively. (Dkt. 3). According to Plaintiffs, their claims involve matters of the utmost intimacy; their public identification would risk further emotional and mental injury; Defendants would not be prejudiced if Plaintiffs were allowed to proceed under pseudonyms; and there is no compelling interest in the public knowing Plaintiffs' identities. (Dkt. 3 at 4-7). Plaintiffs request that the parties be prohibited from publicly filing information that contains their unredacted names or personally identifiable information.

All Defendants disagree that Plaintiffs have presented the "exceptional circumstance(s)" which warrant pseudonymous litigation. (Dkt. 30 (Defendant Howell's response in opposition); Dkt. 31 (Defendants Butler and Reiff's response in opposition)). Defendants Butler and Reiff concede, however, that grounds exist to allow Jane Does 1 and 2 to proceed anonymously. (Dkt. 31 at 4). They take no

4

position on Jane Doe 3's request. (*Id.*). Defendant Howell opposes in full each of the three Plaintiff's requests. (Dkt. 30 at 5-6).

## II. Legal Standard

"The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir. 1997). This principle is reflected by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) ("the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). The Seventh Circuit has canonized the presumption against pseudonymous litigation on the foundation that "[t]he public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret." *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005); *see also Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023) ("'[t]he use of fictitious names is disfavored'") (quoting *Blue Cross & Blue Shield United*, 112 F.3d at 872); *Blue Cross & Blue Shield United*, 112 F.3d at 872 ("Identifying the parties to the proceeding is an important dimension of publicness.").

Nevertheless, "exceptional circumstances" can justify pseudonymity for litigants seeking relief in federal court. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *see also Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) ("Not that concealment of a party's name is always improper."). "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that

would result from [concealing the party's identity]." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (citations omitted). This requires the movant to show that the harm she faces "exceeds the likely harm from concealment." *Dettelbach*, 59 F.4th at 259 (quoting *City of Chicago*, 360 F.3d at 669).

The Seventh Circuit has identified some exceptional circumstances that constitute privacy interests warranting pseudonymity, such as "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses," *Blue Cross & Blue Shield United*, 112 F.3d at 872, or when there is a "danger of retaliation," *City of Chicago*, 360 F.3d at 669. *See also Dettelbach*, 59 F.4th at 259 (citing *Blue Cross & Blue Shield* and *Vill. of Deerfield*); *Vill. of Deerfield*, 819 F.3d at 377 ("Further, a party's allegation of fear of retaliation 'is often a compelling ground' in favor of anonymity. . . . For instance, we affirmed the use of fictious names where plaintiffs, minor children and their parents, had legitimate fears of future retribution in a case involving religious freedom.") (citations omitted).

Courts in this District have looked to a list of factors when considering whether exceptional circumstances exist, including, for example, the multi-factor analysis referenced by both Plaintiffs, (Dkt. 3-1 at 4), and Defendant Howell, (Dkt. 30 at 2):

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering [physical or mental] injury if identified; [] (5) whether the

> party defending against a suit brought under a pseudonym would be prejudiced; [and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.]

*Doe v. Indiana Black Expo, Inc.,* 923 F. Supp. 137, 140 (S.D. Ind. 1996); *see also Doe v. City of Indianapolis*, No. 1:12-cv-00062-TWP-MJD, 2012 WL 639537, at *1 (S.D. Ind. Feb. 27, 2012) (adding sixth factor). Courts also consider whether a plaintiff's identity has been kept confidential leading up to the litigation. *Doe v. Trustees of Ind. Univ.,* 577 F. Supp. 3d 896, 908 (S.D. Ind. 2022). Although all these factors may come into play in a court's decision, "it is the movant who ultimately 'bears the burden of proof to show that some combination of these factors outweighs the ordinary presumption of judicial openness.'" *Id.* at 902 (quoting *Cook County*, 542 F. Supp. 3d at 785)).

Whether a litigant may proceed pseudonymously is entrusted to the discretion of the Court. *Vill. of Deerfield*, 819 F.3d at 376. This discretion comes with "an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts," even if the motion to proceed under a fictious name is not opposed. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *see also* S.D. Ind. L.R. 10-1 (advisory committee comments) ("The court has an independent duty to determine whether the potential harm to a litigant exceeds the presumption that judicial proceedings are open to the public, such that the litigant should be permitted to proceed under a pseudonym.").

7

## III. Discussion

Plaintiffs argue that they should be permitted to proceed under a pseudonym as they pursue their negligence, battery, assault, and intentional infliction of emotional distress claims because litigating under their true names would expose them to risk of additional harm. (Dkt. 34 at 7). They assert that their claims involve matters of the utmost intimacy, that Defendants will not be prejudiced by Plaintiffs' use of pseudonyms, and that there is no compelling public interest in their true identities. (Dkt. 3-1 at 4-6). Defendant Howell opposes in full, arguing that Plaintiffs have not shown "exceptional circumstance" necessitating use of pseudonyms and that only one of the above-listed six factors might weigh in favor of Plaintiffs' Motion. (Dkt. 30 at 5). Defendants Butler and Reiff do not oppose Jane Doe 1 and 2's request and take no position on that of Jane Doe 3. (Dkt. 31 at 4).

Taken as a whole, the discretionary factors weigh in Plaintiffs' favor. As a preliminary matter, Plaintiffs are neither challenging government activity nor admitting their intention to engage in illegal conduct. (Dkt. 3-1 at 4, n.1). As such, these factors do not support Plaintiffs' request. *See Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137 at 140 (factors #1 and 3). Rather, the analysis turns on the remaining factors, *i.e.*, the degree of intimacy involved in the information at issue, the potential for future injury to Plaintiffs, and the extent to which Defendants would be prejudiced by pseudonymous litigation.

There is little doubt that Plaintiffs will be required to disclose information of the utmost intimacy in the present litigation. Plaintiffs' Complaints contain

numerous allegations of their genitals and breasts being exposed and fondled, and nonconsensual contact with Defendant Howell's genitals. (1302 Dkt. 1 at 12-16, 18; 1303 Dkt. 1 at 9-14; 1306 Dkt. 1 at 9, 13-14). This litigation will necessarily require them to describe the exposure and touching (and resulting alleged injuries) in minute, perhaps even painstaking, detail. The disclosure of this type of information weighs in favor of permitting pseudonyms. *See Doe v. Purdue Univ.*, 321 F.R.D. 339, 341-42 (N.D. Ind. 2017) (allowing a plaintiff to proceed anonymously in a matter containing allegations of sexual misconduct and the details of the university's findings); *Doe v. Nat'l Collegiate Ath. Ass'n*, No. 1:23-cv-542-SEB-MJD, 2023 WL 3074907, at *2 (S.D. Ind. Apr. 25, 2023) (allowing plaintiffs to litigate anonymously when their complaints involved allegations of sexual misconduct and the coaches' abusive behavior) (citing *City of Chicago*, 360 F.3d at 669); *Doe v. Butler Univ.,* No. 1:22-cv-01828-SEB-MG, 2022 WL 18540513, at *3 (S.D. Ind. Nov. 18, 2022) (allowing plaintiff, a then student at Butler, to proceed anonymously due to, among other things, fear of retaliation if his identity was disclosed).

The risk of Plaintiffs suffering physical or mental injury if they are publicly identified further weighs in favor of preserving their anonymity. As described in *Cook County*, a party alleging sexual assault must not rest simply on his or her allegations in arguing this factor.

> [V]ictims of sexual assault often wish to keep their identities secret out of fear of embarrassment or social stigmatization. Those concerns alone, however, are insufficient to permit a plaintiff to proceed under a pseudonym. . . . However, if a movant shows that her specific circumstances demonstrate a risk of serious social stigmatization

9

> surpassing a general fear of embarrassment, courts may consider those circumstances in favor of granting the motion.

*Cook County*, 542 F. Supp. 3d at 787. Here, the Court finds that the specific circumstances demonstrate a real possibility of more than general fear of embarrassment and establish that Plaintiffs face a not-insignificant risk of suffering physical or mental injury if identified.

As Defendants Butler and Reiff acknowledge, two of the Plaintiffs are current student-athletes at Butler.[2] (Dkt. 31 at 4). Disclosure of their identities would risk exposing them to retaliation, social stigmatization, and decreased participation in school and athletics—negative consequences which could cause additional harm, both psychological and emotional, to Plaintiffs. Moreover, Plaintiffs' complaints contain allegations that Defendant Howell has photographs and potentially damaging information regarding Plaintiffs which could harm them socially, academically, and perhaps professionally. (1302 Dkt. 1 at 12, ¶¶69-71; 1303 Dkt. 1 at 13-14, ¶¶103, 104, 105, 106; 1306 Dkt. 1 at 7, ¶¶32-34). Plaintiff Jane Doe 3 specifically alleges that Defendant Howell told her he would use damaging information against her and other players if they said anything bad about him. (1306 Dkt. 1 at 7, ¶¶32-34). While the Court will not speculate whether any potentially damaging information exists and/or would be released, the Court finds Plaintiffs' specific allegations regarding threats of retaliation and resulting future

---

[2] Although Jane Doe 3 is no longer a student at Butler, the Court declines to use this fact as a basis for denying her request to proceed under a pseudonym. Identifying Jane Doe 3 would increase the likelihood of Jane Doe 1 and/or 2 being identified by process of elimination, given the relatively small universe of women involved in the Butler soccer program during the operative time period.

10

harm to be sufficient to surpass a "general fear of embarrassment" for purposes of the present analysis. *Cook County*, 542 F. Supp. 3d at 787; *see also Doe v. Purdue Univ.*, No. 4:18-cv-89-JEM, 2019 WL 1757899, at *2 (N.D. Ind. Apr. 18, 2019) ("There is a documented risk of retribution to individuals who allege sexual assault, and it is not hard to imagine that the same risks might extend to a woman who alleges a physical assault by a former sexual partner.").

The Court next turns to Defendant Howell's argument that he will be prejudiced if Plaintiffs are allowed to proceed anonymously. He claims that "[a]llowing Plaintiffs to proceed under pseudonyms would hamstring Howell's ability to respond to their claims and prejudice his ability to protect his reputation in the same forums where Plaintiffs have sought publicity." (Dkt. 30 at 5). He asserts that "discovery will be overcomplicated and/or impossible" but neglects to develop this argument further. (*Id.*)

It is unclear to the Court how allowing Plaintiffs to litigate as Jane Does will hamper Howell's ability to defend himself. He answered the Complaints, outright denying most of the allegations.[3] (Dkt. 37). Indeed, although Plaintiffs' identities appear to have been kept confidential prior to the litigation (which weighs in favor of continued anonymity), all parties were involved in the Title IX investigation, and it appears that Defendants were made aware of Plaintiffs' identities through that process. (Dkt. 3-1 at 6). Additionally, as the Seventh Circuit has noted, "'pretrial discovery, unlike the trial itself, is usually conducted in private.' Pretrial

---

[3] Similarly, Defendant Butler and Reiff have filed Motions to Dismiss. (1302 Dkt. 35; 1303 Dkt. 39; 1306 Dkt. 37).

discovery—depositions, interrogatories, and the production of documents—'are not public components of a civil trial . . . and in general, are conducted in private as a matter of modern practice.'" *Bond v. Utreras, et al.*, 585 F.3d 1061, 1075 (7th Cir. 2009) (citations omitted); *see also id.* ("[s]ecrecy is fine at the discovery stage, before the material enters the judicial record") (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). As Plaintiffs and Defendants Butler and Reiff point out, the use of pseudonyms in this litigation will only apply to publicly filed documents. (Dkt. 3 at 3; Dkt. 3-1 at 7; Dkt. 31 at 5). To the extent the pseudonyms may have an adverse effect on third-party discovery, the parties may stipulate to a protective order to alleviate those concerns.

Finally, none of the Defendants responded to Plaintiffs' argument that there is no compelling public interest in identifying them. Even if the argument had been countered, the factor weighs in favor of Plaintiffs. Plaintiffs aver, and the Court agrees, that "'[t]he actual identit[ies] of Plaintiff[s] . . . [are] of minimal value to the public.'" (Dkt. 3-1 at 6-7 (citing *Purdue Univ.*, 321 F.R.D. at 343)). While not a certainty, there is a risk that disclosing Plaintiffs' identities could have a chilling effect on current and former student-athletes reporting sexual assault and harassment by university employees in positions of authority. The identities of current and former student-athletes who were alleged victims of sexual assault and harassment do not appear to this Court to be information for which the public is clamoring. This weighty consideration favors Plaintiffs.

Before concluding, the Court turns to Defendants' argument that Plaintiffs have attempted to use public scrutiny to their advantage. (*See* Dkt. 30 at 3-4 (they have "attempted to use public scrutiny to their advantage to this point"); Dkt. 31 at 2 (they "deployed their pseudonymous allegations widely in the media")). In support of their allegation, Defendants direct the Court to several news articles, a blog post, a tweet, and Plaintiffs' counsel's inclusion of the litigation on the firm website. (Dkt. 30 at 4-5; *see also id.* at 5 ("Strategically Plaintiffs have sought to make the public aware of these cases. Their aggressive pursuit of press coverage cannot be reconciled with their dubious claim of fearing public scrutiny.")).

The Court disagrees with Defendants' assertion and, in any event, does not find it alters the Court's conclusion.[4] While it is true that Plaintiffs' allegations have been reported on by various media outlets, a review of the cited news articles does not suggest that Plaintiffs "sought" or "aggressive[ly] pursu[ed]" press coverage. (Dkt. 30 at 4-5). The articles appear to be based on the Complaints and include a brief quote from Plaintiffs' counsel. Nothing suggests that Plaintiffs have been contacting the news outlets, and the Court will not assume as much. It is also possible that reporters monitoring federal filings saw the Complaints and reached out to Plaintiffs' counsel for comment. Nor does Plaintiffs' counsel's inclusion of this matter on their firm's blog persuade this Court that Plaintiffs are trumpeting their cases in such a way that undermines Plaintiffs' present request. Rather, it

---

[4] Similarly, the Court rejects Plaintiffs' speculation regarding "the moving force behind Defendant Howell and Butler's oppositions to" Plaintiffs' Joint Motion. (Dkt. 6-1 at n.4). Plaintiffs offer nothing to support this serious allegation.

13

appears to be nothing more than a marketing tool that many firms use to highlight notable cases and subject matter to educate current clients and attract future clients. Further, Butler has also drawn attention to this matter by sending a university-wide email. (Dkt. 34 at 4; Dkt. 34-1; Dkt. 34-2). By asserting that Plaintiffs have shone a spotlight on this litigation, Butler must also acknowledge its own actions in highlighting these lawsuits, even if such actions were taken in response to those of Plaintiffs.

In sum, the Court finds the balance of factors weighs in favor of Plaintiffs.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiffs' Joint Motion to Proceed Under Pseudonym, Dkt. [3].

Within **14 days** of this Order, the parties shall meet and confer regarding the need for a protective order governing discovery in this case.

So ORDERED.

Date: 11/14/2023

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.