UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JANE DOE 1; JANE DOE 2;
JANE DOE 3; and JANE DOE 4,

    Plaintiffs,

   v.

BUTLER UNIVERSITY;
MICHAEL HOWELL, individually as
an agent of Butler University; and
RALPH REIFF, individually as an
agent of Butler University,

    Defendants.

Case No. 1:23-cv-01302-JRS-MKK
Case No. 1:23-cv-01303-JRS-MKK
Case No. 1:23-cv-01306-JRS-MKK
Case No. 1:23-cv-01457-JRS-MKK

## CASE MANAGEMENT PLAN

**I.**    **Parties and Representatives**

    A.    Plaintiffs:    Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4

         Represented by:   Douglas E. Fierberg
                              Monica H. Beck
                              Bailor B. Bell
                              Rachel J. Denhollander
                              THE FIERBERG NATIONAL LAW GROUP, PLLC
                              201 E. 17th Street, Suite A
                              Traverse City, MI 49684
                              Tel. (231) 933-0180
                              Fax (231) 252-8100
                              dfierberg@tfnlgroup.com
                              mbeck@tfnlgroup.com
                              bell@tfnlgroup.com
                              rdenhollander@tfnlgroup.com

         Represented by:   Andrea R. Simmons
                              Greg L. Laker
                              COHEN & MALAD, LLP
                              One Indiana Square, Suite 1400
                              Indianapolis, IN 46204
                              Tel. (317) 636-6481
                              Fax (317) 636-2593

          asimmons@cohenandmalad.com
          glaker@cohenandmalad.com

B.    Defendant:    Michael Howell

    Represented by:    Amanda Couture
          Anne L. Cowgur
          F. Anthony Paganelli
          PAGANELLI LAW GROUP
          10401 N. Meridian Street, Suite 450
          Indianapolis, IN 46290
          Tel. (317) 550-1855
          Fax (317) 569-6016
          amanda@paganelligroup.com
          acowgur@paganelligroup.com
          tony@paganelligroup.com

C.    Defendant:    Butler University

    Represented by:    William P. Kealey
          STUART & BRANIGIN LLP
          300 Main Street, Suite 900
          P.O. Box 1010
          Lafayette, IN 47902
          Tel. (765) 423-1561
          Fax (765) 742-8175
          wpk@stuartlaw.com

D.    Defendant:    Ralph Reiff

    Represented by:    William P. Kealey
          STUART & BRANIGIN LLP
          300 Main Street, Suite 900
          P.O. Box 1010
          Lafayette, IN 47902
          Tel. (765) 423-1561
          Fax (765) 742-8175
          wpk@stuartlaw.com

## II.   Jurisdiction and Statement of Claims

A.    Plaintiffs assert that this Court has subject matter jurisdiction over these actions pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.

B.    Jane Doe 1's claims against Defendants are for negligence, gross negligence, battery, assault, and intentional infliction of emotional distress. Plaintiff alleges that Defendant Howell groomed, sexually abused, and illicitly photographed her,

and Defendants Butler and Reiff failed to properly supervise, train, promulgate appropriate policies, investigate, or otherwise prevent or stop Defendant Howell's misconduct against her.

Jane Doe 2's claims against Defendants are for negligence, gross negligence, battery, assault, and intentional infliction of emotional distress. Plaintiff alleges that Defendant Howell groomed and sexually abused her, and Defendants Butler and Reiff failed to properly supervise, train, promulgate appropriate policies, investigate, or otherwise prevent or stop Defendant Howell's misconduct against her.

Jane Doe 3's claims against Defendants are for negligence, gross negligence, battery, assault, and intentional infliction of emotional distress. Plaintiff alleges that Defendant Howell sexually abused her, and Defendants Butler and Reiff failed to properly supervise, train, promulgate appropriate policies, investigate, or otherwise prevent or stop Defendant Howell's misconduct against her.

Jane Doe 4's claims against Defendants are for negligence, gross negligence, battery, assault, and intentional infliction of emotional distress. Plaintiff alleges that Defendant Howell groomed and sexually abused her, and Defendants Butler and Reiff failed to properly supervise, train, promulgate appropriate policies, investigate, or otherwise prevent or stop Defendant Howell's misconduct against her.

C. Defendants Butler University and Ralph Reiff have moved to dismiss the negligence and gross negligence claims for failure to state a claim and failure to meet the jurisdictional prerequisite for alleged breach of a health provider's duty of care. As to claims that may become at issue between plaintiffs and Butler University and Ralph Reiff, Butler University and Ralph Reiff will also assert defenses based on no duty, no breach, no harm, statute of limitations, the course and scope of employment, allocation of fault, intervening or third-party cause, consent, waiver, and failure to mitigate.

Defendant Michael Howell denies the allegations of Jane Does 1, 2, 3, and 4 against him. Howell was an athletic trainer at Butler University for various teams, including the women's soccer team. It was his job to provide treatment to Butler athletes both to prevent and to help heal injuries. He touched Plaintiffs with their consent and for the purpose of providing treatment as an athletic trainer. He did not groom, sexually abuse, or illicitly photograph Plaintiffs, nor did he intentionally inflict emotional distress upon them. Plaintiffs' claims of assault and battery are unfounded.

III. **Pretrial Pleadings and Disclosures**

All parties consent to consolidation of discovery and establishment of common deadlines for all four cases for all deadlines through the completion of discovery and the filing of dispositive motions.

Counsel for Butler University and Ralph Reiff respectfully submits that an order of witness separation should apply to exclude each plaintiff from attendance at another plaintiff's deposition or access to the record of another plaintiff's testimony.

Plaintiffs oppose Butler University and Ralph Reiff's request for an order of witness separation to exclude each Plaintiff from attendance at another Plaintiff's deposition or access to the record of another Plaintiff's testimony. Each Plaintiff is entitled to attend any and all depositions of witnesses in her case, which includes other Plaintiffs, and each Plaintiff is entitled to access deposition transcripts and records of witnesses in her case, which includes other Plaintiffs.

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before December 11, 2023.

B. Plaintiffs shall file preliminary witness and exhibit lists on or before December 18, 2023.

C. Defendants shall file preliminary witness and exhibit lists on or before December 29, 2023.

D. All motions for leave to amend the pleadings and/or join additional parties shall be filed on or before January 10, 2024.

E. Plaintiffs shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before January 10, 2024. Defendants shall serve on Plaintiffs (but not file with the Court) a response thereto within 30 days after receipt of the proposal. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to mjklump@insd.uscourts.gov. There is no need to follow the email with a hard copy.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule:

Plaintiffs shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before July 26, 2024. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before September 9, 2024; or if Plaintiffs have disclosed no experts, Defendants shall make their expert disclosures on or before September 9, 2024.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for

responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before October 17, 2024. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before October 17, 2024. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI").</u> The parties do not anticipate that a substantial volume of ESI will be requested or produced in this matter. Any and all discoverable ESI materials will be printed and/or converted into a PDF for production. The parties reserve the right to request ESI in its native format.

The parties anticipate that the information sought in discovery in this case will include electronic communications between the parties and/or their employees and/or agents regarding the facts and circumstances giving rise to the claims and defenses in this case; and relevant policies, procedures, training protocols, and materials.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV. **Discovery[1] and Dispositive Motions**

    A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

            Plaintiff: No.
            Defendants Butler University, Ralph Reiff, and Michael Howell: Yes.

            Defendant Howell believes that some or all of Plaintiffs claims may be appropriate for summary judgment. In particular, Defendant Howell does not believe there is sufficient evidence to support Plaintiffs' claims for intentional infliction of emotional distress. As discovery progresses, Defendant Howell may decide to seek summary judgment on additional claims.

    B.    On or before June 21, 2024, and consistent with the certification provisions of Fed. R. Civ. P. 11 (b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

    C.    Track 2: Dispositive motions are expected and shall be filed **August 16, 2024**; non-expert witness discovery and discovery relating to liability issues shall be completed by **June 14, 2024**; expert witness discovery and discovery relating to damages shall be completed by **December 16, 2024**

            <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 as to one case must be raised by a party in a single motion in that case.</u>

V. **Pre-Trial Settlement Conferences**

    Counsel for Plaintiffs and counsel for Defendant Howell will set mediation with Magistrate Judge prior to commencement of discovery. Counsel for Butler University and Ralph Reiff does not intend to do so at this time.

VI. **Trial Date**

    Plaintiffs and Defendant Howell anticipate the cases will be ready for trial in early 2025. Plaintiffs and Defendant Howell reserve their respective rights to ask for or oppose consolidation for the purpose of trial for a later date (see Section IX below).

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Defendants Butler University and Ralph Reiff do not consent to consolidation of the four cases in a single trial. Defendants respectfully submit that the cases should be separately scheduled in serial trials in the order of case filing, with pre-trial calendars under Section VIII below to be commenced for each subsequent trial after the completion of the preceding trial.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. At this time, all parties do not consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document that lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a videotaped deposition, the portions of the

      deposition that will be played, designated specifically by counter-numbers.

  5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

  6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

  1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

  2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to videotaped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

  3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

  4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX. **Other Matters**

Plaintiff's counsel and counsel for Defendant Howell request consolidating cases for pre-trial purposes, reserving their respective rights to ask for or oppose consolidation for the purpose of trial for a later date.

Counsel for Butler University and Ralph Reiff states, with respect to their pending motion to dismiss under Indiana's Medical Malpractice Act, that a dismissal may implicate the above-proposed case management schedule.

8

| | |
|---|---|
| THE FIERBERG NATIONAL LAW GROUP, PLLC | COHEN & MALAD, LLP |
| /s/ Monica H. Beck | /s/ Andrea R. Simmons |
| Monica H. Beck* | Andrea R. Simmons |
| Douglas E. Fierberg* | Greg L. Laker |
| Rachel Denhollander* | One Indiana Square, Suite 1400 |
| Bailor B. Bell* | Indianapolis, IN 46204 |
| 201 East 17th Street, Suite A | Tel: (317) 636-6481 |
| Traverse City, MI 49684 | Fax: (317) 636-2593 |
| Tel: (231) 933-0180 | asimmons@cohenandmalad.com |
| Fax: (231) 252-8100 | glaker@cohenandmalad.com |
| mbeck@tfnlgroup.com | |
| dfierberg@tfnlgroup.com | |
| rdenhollander@tfnlgroup.com | |
| bbell@tfnlgroup.com | |
| *Admitted pro hac vice | |

***Attorneys for Plaintiff***

PAGANELLI LAW GROUP

/s/Amanda Couture
F. Anthony Paganelli, #18425-53
Anne L. Cowgur, #21584-49
Amanda Couture, #24838-53
10401 N. Meridian St., Suite 450
Indianapolis, IN 46290
Tel: 317.550.1855
Fax: 317.569.6016
tony@paganelligroup.com
acowgur@paganelligroup.com
amanda@paganelligroup.com
***Attorneys for Michael Howell***


STUART & BRANIGIN LLP
/s/William P. Kealey
William P. Kealey (Attorney No. 18973-79)
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Tel: 765-423-1561
Fax: 765-742-8175
wpk@stuartlaw.com

***Attorney for Butler University and Ralph Reiff***

9

*************************************************************************

| | |
|---|---|
| X | PARTIES APPEARED IN PERSON/BY COUNSEL ON  11/14/2023  FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| X | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR   2/13/2024 at 2:30 PM  . The information needed by counsel to participate in this conference will be provided by a separate notification. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| X | NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE COMPLETED BY   6/14/2024 |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN    8/16/2024 |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 11/14/2023

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

all ECF-registered counsel of record via email generated by the court's ECF system