UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE 4, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01302-JRS-MKK |
| | ) |
| BUTLER UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

## Order

Plaintiff moves to have her identity protected while pursuing claims of negligence, gross negligence, battery, assault, and intentional infliction of emotional distress against Defendants Butler University, Michael Howell, and Ralph Reiff, Dkt. [6].[1] In her Motion, Plaintiff asks to proceed under the pseudonym "Jane Doe 4." For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### I. Background

The following facts, assumed to be true for the purposes of the following analysis, are taken from Plaintiff's Complaint. (Dkt. 1).

#### a. Jane Doe 4

Plaintiff Jane Doe 4 ("Plaintiff") played soccer for Butler University's women's soccer team. (Dkt. 1 at 6, ¶23). Defendant Michael Howell ("Howell") was an assistant athletic trainer who was employed by Defendant Butler University

---

[1] As Plaintiff notes, this matter is one of four cases filed against all Defendants in which all plaintiffs are current or former members of Butler University's women's soccer team; plaintiffs in the related matters filed similar, if not identical, motions for leave to proceed pseudonymously. *See* 1:23-cv-01302-JRS-MKK (Dkt. 3); 1:23-cv-01303-JRS-MKK (Dkt. 3); and 1:23-cv-01306-JRS-MKK (Dkt. 3).

("Butler") and worked with the women's soccer team. (*Id.* at 5, ¶¶17-19). Defendant Ralph Reiff ("Reiff") was the athletic director at all relevant times. (*Id.* at 6, ¶¶21-22). On various occasions between the fall of 2019 until the fall of 2021, Howell touched Plaintiff's breasts and genital area, rubbed his erect penis/genital area against Plaintiff's hand(s) during treatment sessions, and threatened to withhold treatment as a disciplinary consequence. (*Id.* at 8, 10-14).

### b. Title IX investigation and results

In September 2021, Plaintiff, along with other women soccer players, reported Howell's sexual misconduct to a Butler coach. (*Id.* at 16-17, ¶122). A Title IX investigation ensued. (*Id.* at 18). During the confidential investigation and hearings, Reiff and other Butler employees admitted that there were no written policies or procedures regarding athletic trainer conduct or interacting with athletes of the opposite sex from the trainer, and there were no appropriate reasons for Howell's treatments and massages. (*Id.* at 19). After the investigation, a Title IX decision-making panel of independent counsel determined that Howell sexually assaulted and harassed Butler women soccer players and noted that Howell did not show remorse but rather seemed to be angry or indignant at his methods being questioned. (*Id.* at 19-21).

### c. The current lawsuit

On August 17, 2023, Plaintiff filed the current lawsuit, accusing Butler and Reiff of negligence and gross negligence, and Butler and Howell of battery, assault, and intentional infliction of emotional distress. (*Id.* at 23-32). Simultaneous with

her Complaint, Plaintiff filed the Motion now before the Court, asking for permission to proceed under the pseudonym "Jane Doe 4." (Dkt. 6). According to Plaintiff, her claims involve matters of the utmost intimacy; her public identification would risk further emotional and mental injury; Defendants will not be prejudiced if Plaintiff is allowed to proceed under a pseudonym; and there is no compelling interest in the public knowing Plaintiff's identity. (*Id.* at 4-8). Plaintiff requests that the parties be prohibited from publicly filing information that contains her unredacted name or personally identifiable information.

Howell disagrees that Plaintiff has presented "exceptional circumstance(s)" that warrant pseudonymous litigation. (Dkt. 28). Defendants Butler and Reiff's response incorporates by reference their response in opposition to Jane Doe 1, 2, and 3's joint motion to proceed under pseudonym filed in their respective cases. (Dkt. 22).

## II.   Legal Standard

"The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir. 1997). This principle is reflected by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) ("the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). The Seventh Circuit has canonized the presumption against pseudonymous litigation on the foundation that "[t]he public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret." *Doe v. Smith,*

429 F.3d 706, 710 (7th Cir. 2005); *see also Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023) ("'[t]he use of fictitious names is disfavored'") (quoting *Blue Cross & Blue Shield United*, 112 F.3d at 872); *Blue Cross & Blue Shield United*, 112 F.3d at 872 ("Identifying the parties to the proceeding is an important dimension of publicness.").

Nevertheless, "exceptional circumstances" can justify pseudonymity for litigants seeking relief in federal court. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *see also Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) ("Not that concealment of a party's name is always improper."). "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from [concealing the party's identity]." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (citations omitted). This requires the movant to show that the harm she faces "exceeds the likely harm from concealment." *Dettelbach*, 59 F.4th at 259 (quoting City of Chicago, 360 F.3d at 669).

The Seventh Circuit has identified some exceptional circumstances that constitute privacy interests warranting pseudonymity, such as "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses," *Blue Cross & Blue Shield United*, 112 F.3d at 872, or when there is a "danger of retaliation," *City of Chicago*, 360 F.3d at 669. *See also Dettelbach*, 59 F.4th at 259 (citing *Blue Cross & Blue Shield* and *Vill. of Deerfield*); *Vill. of Deerfield*, 819 F.3d at 377 ("Further, a party's allegation of fear of retaliation

'is often a compelling ground' in favor of anonymity. . . . For instance, we affirmed the use of fictious names where plaintiffs, minor children and their parents, had legitimate fears of future retribution in a case involving religious freedom.") (citations omitted).

Courts in this District have looked to a list of factors when considering whether exceptional circumstances exist, including, for example, the multi-factor analysis referenced by both Plaintiff, (Dkt. 6-1 at 3), and Defendant Howell, (Dkt. 28 at 3):

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering [physical or mental] injury if identified; [] (5) whether the party defending against a suit brought under a pseudonym would be prejudiced; [and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.]

*Doe v. Indiana Black Expo, Inc.,* 923 F. Supp. 137, 140 (S.D. Ind. 1996); *see also Doe v. City of Indianapolis*, No. 1:12-cv-00062-TWP-MJD, 2012 WL 639537, at *1 (S.D. Ind. Feb. 27, 2012) (adding sixth factor). Courts also consider whether a plaintiff's identity has been kept confidential leading up to the litigation. *Doe v. Trustees of Ind. Univ.,* 577 F. Supp. 3d 896, 908 (S.D. Ind. 2022). Although all these factors may come into play in a court's decision, "it is the movant who ultimately 'bears the burden of proof to show that some combination of these factors outweighs the ordinary presumption of judicial openness.'" *Id.* at 902 (quoting *Cook County*, 542 F. Supp. 3d at 785)).

Whether a litigant may proceed pseudonymously is entrusted to the discretion of the Court. *Vill. of Deerfield*, 819 F.3d at 376. This discretion comes with "an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts," even if the motion to proceed under a fictious name is not opposed. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *see also* S.D. Ind. L.R. 10-1 (advisory committee comments) ("The court has an independent duty to determine whether the potential harm to a litigant exceeds the presumption that judicial proceedings are open to the public, such that the litigant should be permitted to proceed under a pseudonym.").

### III. Discussion

Plaintiff argues that she should be permitted to proceed under a pseudonym as she pursues her negligence, battery, assault, and intentional infliction of emotional distress claims because litigating under her true name would expose her to risk of additional harm. (Dkt. 6). She asserts that her claims involve matters of the utmost intimacy, that Defendants will not be prejudiced by Plaintiff's use of a pseudonym, and that there is no compelling public interest in her true identity. (*Id.*). Defendant Howell opposes in full, arguing that Plaintiff has not shown the "exceptional circumstance" necessitating use of a pseudonym and that only one of the above-listed six factors might weigh in favor of Plaintiff's Motion. (Dkt. 28 at 3). Defendants Butler and Reiff incorporated by reference their response to Jane Doe 1, 2, and 3's request to proceed pseudonymously. In that incorporated response, Butler and Reiff did not oppose Jane Doe 1 and 2's request to use a pseudonym and took no

6

position regarding Jane Doe 3. (Dkt. 31 in 1:23-cv-01302-JRS-MKK; Dkt. 35 in 1:23-cv-01303-JRS-MKK; Dkt. 33 in 1:23-cv-01306-JRS-MKK). Their response is silent as to their specific position regarding this Plaintiff's (i.e., Jane Doe 4's) request. (*Id.*).

Taken as a whole, the discretionary factors weigh in Plaintiff's favor. As a preliminary matter, Plaintiff is neither challenging government activity nor admitting her intention to engage in illegal conduct. (Dkt. 6-1 at 4, n.1). As such, these factors do not support Plaintiff's request. *See Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137 at 140 (factors #1 and 3). Rather, the analysis turns on the remaining factors, *i.e.*, the degree of intimacy involved in the information at issue, the potential for future injury to Plaintiff, and the extent to which Defendants would be prejudiced by pseudonymous litigation.

There is little doubt that Plaintiff will be required to disclose information of the utmost intimacy in the present litigation. Plaintiff's Complaint contains numerous allegations of her genitals and breasts being exposed and fondled, and nonconsensual contact with Defendant Howell's genitals. (Dkt. 1 at 8-14). This litigation will necessarily require her to describe the exposure and touching (and resulting alleged injuries) in minute, perhaps even painstaking, detail. The disclosure of this type of information weighs in favor of permitting a pseudonym. *See Doe v. Purdue Univ.*, 321 F.R.D. 339, 341-42 (N.D. Ind. 2017) (allowing a plaintiff to proceed anonymously in a matter containing allegations of sexual misconduct and the details of the university's findings); *Doe v. Nat'l Collegiate Ath.*

7

*Ass'n*, No.1:23-cv-542-SEB-MJD, 2023 WL 3074907, at *2 (S.D. Ind. Apr. 25, 2023) (allowing plaintiffs to litigate anonymously when their complaints involved allegations of sexual misconduct and the coaches' abusive behavior) (citing *City of Chicago*, 360 F.3d at 669); *Doe v. Butler Univ.*, No. 1:22-cv-01828-SEB-MG, 2022 WL 18540513, at *3 (S.D. Ind. Nov. 18, 2022) (allowing plaintiff, a then student at Butler, to proceed anonymously due to, among other things, fear of retaliation if his identity was disclosed).

The risk of Plaintiff suffering physical or mental injury if she is publicly identified further weighs in favor of preserving her anonymity. As described in *Cook County*, a party alleging sexual assault must not rest simply on his or her allegations in arguing this factor.

> [V]ictims of sexual assault often wish to keep their identities secret out of fear of embarrassment or social stigmatization. Those concerns alone, however, are insufficient to permit a plaintiff to proceed under a pseudonym. . . . However, if a movant shows that her specific circumstances demonstrate a risk of serious social stigmatization surpassing a general fear of embarrassment, courts may consider those circumstances in favor of granting the motion.

*Cook County*, 542 F. Supp. 3d at 787. Here, the Court finds that the specific circumstances demonstrate a real possibility of more than general fear of embarrassment and establish that Plaintiff faces a not-insignificant risk of suffering physical or mental injury if identified.

As Defendants Butler and Reiff concede, two of the plaintiffs in the related matters are current student-athletes at Butler.[2] (*See* No. 1:23-cv-01302-JRS-MKK,

---

[2] Although Jane Doe 3 and 4 are no longer students at Butler, the Court declines to use this fact as a basis for denying their requests to proceed under a pseudonym. Identifying Jane Doe 3 and/or 4

8

Dkt. 31 at 4). Moreover, Plaintiff's complaint contains allegations that Defendant Howell has photographs and potentially damaging information regarding women soccer players which could harm her and the other plaintiffs socially, academically, and perhaps professionally. (Dkt. 1 at 14-15). While the Court will not speculate whether any potentially damaging information exists and/or would be released, the Court finds Plaintiff's specific allegations regarding threats of retaliation and the resulting future harm to be sufficient to surpass a "general fear of embarrassment" for purposes of the present analysis. *Cook County*, 542 F. Supp. 3d at 787; *see also Doe v. Purdue Univ.*, No. 4:18-cv-89-JEM, 2019 WL 1757899, at *2 (N.D. Ind. Apr. 18, 2019) ("There is a documented risk of retribution to individuals who allege sexual assault, and it is not hard to imagine that the same risks might extend to a woman who alleges a physical assault by a former sexual partner.").

The Court next turns to Defendant Howell's argument that he will be prejudiced if Plaintiff is allowed to proceed anonymously. He claims that "[a]llowing Plaintiffs to proceed under pseudonyms would hamstring Howell's ability to respond to their claims and prejudice his ability to protect his reputation in the same forums where Plaintiffs have sought publicity." (Dkt. 28 at 5). He asserts that "discovery will be overcomplicated and/or impossible" but neglects to develop this argument further. (*Id.*)

---

would increase the likelihood of Jane Doe 1 and/or 2 being identified by process of elimination, given the relatively small universe of women involved in the Butler soccer program during the operative time period.

It is unclear to the Court how allowing Plaintiff to litigate as Jane Doe 4 will hamper Howell's ability to defend himself. He answered the complaint, outright denying most of the allegations. (Dkt. 34). Indeed, although Plaintiff's identity appears to have been kept confidential prior to the litigation (which weighs in favor of continued anonymity), all parties were involved in the "extensive" Title IX investigation, and it appears that Defendants were made aware of Plaintiff's identity through that process. (Dkt. 6-1 at 6; *see also* No. 1:23-cv-01302-JRS-MKK, Dkt. 3-1 at 6 (identifying the Title IX proceedings as confidential)). Additionally, as the Seventh Circuit has noted, "'pretrial discovery, unlike the trial itself, is usually conducted in private.' Pretrial discovery—depositions, interrogatories, and the production of documents—'are not public components of a civil trial . . . and in general, are conducted in private as a matter of modern practice.'" *Bond v. Utreras, et al.*, 585 F.3d 1061, 1075 (7th Cir. 2009) (citations omitted); *see also id.* ("[s]ecrecy is fine at the discovery stage, before the material enters the judicial record") (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). As Plaintiff and Defendants Butler and Reiff point out, the use of pseudonyms in this litigation will only apply to publicly filed documents. (Dkt. 6 at 3; Dkt. 6-1 at 8; No. 1:23-cv-1302, Dkt. 31 at 5). To the extent the pseudonyms may have an adverse effect on third-party discovery, the parties may stipulate to a protective order to alleviate those concerns.

Finally, none of the Defendants responded to Plaintiff's argument that there is no compelling public interest in identifying her. Even if the argument had been

countered, the factor weighs in favor of Plaintiff. Plaintiff avers, and the Court agrees, that "'[t]he actual identit[ies] of Plaintiff[s] . . . [are] of minimal value to the public.'" (Dkt. 6-1 at 8 (citing *Purdue Univ.*, 321 F.R.D. at 343)). While not a certainty, there is a risk that disclosing Plaintiff's identity could have a chilling effect on current and former student-athletes reporting sexual assault and harassment by university employees in positions of authority. The identities of current and former student-athletes who were alleged victims of sexual assault and harassment do not appear to this Court to be information for which the public is clamoring. This weighty consideration favors Plaintiff.

Before concluding, the Court turns to Howell's argument that Plaintiff has pursued "press coverage" of this matter. (*See* Dkt. 28 at 5 ("Plaintiff's choice to plead her claims in extreme detail and her pursuit of press coverage cannot be reconciled with her dubious claim of fearing public scrutiny.")). In support of his allegation, Howell directs the Court to a news article. (Dkt. 28 at 5, n.1).

The Court disagrees with Howell's assertion that Plaintiff "pursued" press coverage of this matter and, in any event, does not find that one news article alters the Court's conclusion.[3] While it is true that Plaintiff's allegations have been reported on by a media outlet, a review of the news article does not suggest that Plaintiff "pursued" press coverage. (*Id.* at 5). The article appears to be based on the Complaint and includes a brief quote from Plaintiff's counsel. Nothing suggests that

---

[3] Similarly, the Court rejects Plaintiff's speculation regarding "the moving force behind Defendant Howell and Butler's oppositions to" Plaintiffs' Joint Motion. (Dkt. 6-1 at 7, n.4). Plaintiff offers nothing to support this serious allegation.

Plaintiff has been contacting news outlets, and the Court will not assume as much. It is also possible that reporters monitoring federal filings saw the Complaint and reached out to Plaintiff's counsel for comment—a possibility supported by the fact that Howell's counsel was also contacted for comment after the complaint was filed. (*Id.* at 5, n.2).

In sum, the Court finds the balance of factors weighs in favor of Plaintiffs.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiffs' Joint Motion to Proceed Under Pseudonym, Dkt. [6].

Within **14 days** of this Order, the parties shall meet and confer regarding the need for a protective order governing discovery in this case.

So ORDERED.

Date: 11/15/2023

*[signature]*

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record