UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JANE DOES 1–4,                         )
                                       )
                    Plaintiffs,        )
                                       )
          v.                           )          No. 1:23-cv-01302-JRS-MKK
                                       )
BUTLER UNIVERSITY,                     )
MICHAEL HOWELL,                        )
RALPH REIFF,                           )
                                       )
                    Defendants.        )

## Order on Motion to Dismiss

### I.   Introduction

This is a sex abuse case.  Four Butler University student-athletes, whose separate actions were lately consolidated, (ECF No. 50), allege that Butler athletic trainer Howell abused them and that the University and its director of athletics Reiff failed to protect them from Howell's abuse.  Now before the Court is Butler's Motion to Dismiss. (ECF No. 35.)

### II.   Legal Standard

"A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs." *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017) (citing *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)).

"A Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th

Cir. 2020) (quoting *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015)).  Rule 8(a) requires that the complaint contain a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  "To meet this standard, a plaintiff is not required to include 'detailed factual allegations,'" but the factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Because the defendant must ultimately be *liable*, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).  That applies "without regard to whether [the claim] is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.*  But "[a] complaint need not identify legal theories, and specifying an incorrect legal theory is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011).

When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," *Iqbal*, 556 U.S. at 678, and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).  Courts need not, however, accept the truth of legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III.   Discussion

A.  Medical Malpractice

Butler argues that Plaintiffs' claims are within the scope of Indiana's Medical Malpractice Act, which requires claims to pass an administrative medical review panel before coming to court.  Ind. Code § 34-18-8-4.  Butler argues that because Plaintiffs have not first submitted their claims to that panel, this Court lacks subject-matter jurisdiction.

There are two problems to address.

First, a procedural point: state administrative exhaustion requirements are not jurisdictional in federal court.  "[S]tate law cannot enlarge or contract federal jurisdiction."  *Thompson v. Cope*, 900 F.3d 414, 425 (7th Cir. 2018) (quoting *Jarrard v. CDI Telecom., Inc.*, 408 F.3d 905, 909 n.3 (7th Cir. 2005)).  So even though "Indiana courts speak in terms of subject-matter jurisdiction when dismissing claims that are subject to the Medical Malpractice Act but have not gone through the medical review panel process," that characterization is irrelevant here, and the Court's analysis proceeds under Rule 12(b)(6).  *Id.*[1]

Second, and substantively, this is not a medical malpractice case.  In Indiana, actions against healthcare providers fall under the Medical Malpractice Act when they concern "curative or salutary conduct of a health care provider acting within his or her professional capacity," *Howard Reg'l Health Sys. v. Gordon*, 952 N.E.2d 182,

---

[1] Butler cited two district court cases for its erroneous proposition that the state exhaustion requirement is jurisdictional.  One of them, ironically enough, was *Thompson v. City of Indianapolis*, No. 1:15-cv-01712-TWP-DML, 2016 U.S. Dist. LEXIS 117161 (S.D. Ind. Aug. 31, 2016), which *Thompson v. Cope* overturned on appeal.

185 (Ind. 2011) (quoting *Murphy v. Mortell*, 684 N.E.2d 1185, 1188 (Ind. Ct. App. 1997)), but not when they concern "conduct 'unrelated to the promotion of a patient's health or the provider's exercise of professional expertise, skill, or judgment,'" *id.* (quoting *Collins v. Thakkar*, 552 N.E.2d 507, 510 (Ind. Ct. App. 1990)). The Court "looks to the substance of a claim." *Id.* (citing *Van Sice v. Sentany*, 595 N.E.2d 264 (Ind. Ct. App. 1992)).

Does the claim "the trainer sexually abused me" ask whether the trainer provided good enough medical care? No—because sexual abuse is not medical care. Indiana courts consistently so hold. *E.g.*, *Doe by Roe v. Madison Ctr. Hosp.*, 652 N.E.2d 101, 107 (Ind. Ct. App. 1995), *Murphy v. Mortell*, 684 N.E.2d 1185, 1188 (Ind. Ct. App. 1997), *Grzan v. Charter Hosp. of Nw. Indiana*, 702 N.E.2d 786, 792 (Ind. Ct. App. 1998). And because sexual abuse is not medical care, the derivative claim "the health care provider failed to stop it" has nothing to do with whether the provider gave adequate care. *Fairbanks Hosp. v. Harrold*, 895 N.E.2d 732, 738 (Ind. Ct. App. 2008).[2] A case on exactly this pattern—following *Fairbanks* to conclude that a claim for negligent supervision of a sexual abuser does not sound in malpractice—was just weeks ago transferred to the Indiana Supreme Court. *Indiana Dep't of Ins. v. Doe*,

---

[2] *Willingham v. Anderson Ctr.*, 216 N.E.3d 517, 522 (Ind. Ct. App. 2023), and *Anonymous Hosp., Inc. v. Doe*, 996 N.E.2d 329, 331 (Ind. Ct. App. 2013), are distinguishable. In those cases, the plaintiffs claimed directly against the health care provider that it failed to supervise the patients themselves in their vulnerable condition. So the question, at least as the Indiana courts see it, becomes whether the providers' level of supervision was medically reasonable given the patients' condition. In the abusive-doctor cases, by contrast, the question is whether the provider took adequate steps to prevent its employees from abusing patients. That is not a healthcare-specific question; reasonable employment practices are an ordinary question of negligence that applies across industries.

211 N.E.3d 1014, 1022 (Ind. Ct. App. 2023), *transfer granted, opinion vacated*, 2023 WL 7381495 (Ind. Oct. 31, 2023). This Court follows the clear line of Indiana Court of Appeals cases—which, incidentally, seem correct in principle—unless and until the State Supreme Court rules otherwise.

### B. Negligent Supervision

Butler contends that Indiana law only allows negligent supervision claims against employers, not employees. (Br. Supp. 8, ECF No. 36.) If that is true, then Reiff, Howell's supervisor and himself a Butler employee, cannot be held liable for negligent supervision of Howell. That seems, on its face, an odd result: why *wouldn't* a supervisor potentially be liable for negligent supervision? Surely a supervisor can supervise negligently.

Butler cites *Branscomb v. Wal-Mart Stores E., L.P.*, 165 N.E.3d 982 (Ind. 2021) for the rule. In *Branscomb*, the defendant employer removed a store trip-and-fall case to federal court, arguing that the plaintiff had fraudulently joined the store manager, who was not at the store when the fall happened, to defeat diversity jurisdiction. *Id.* at 984. The federal court certified a question to the State Supreme Court: "whether [the manager] could be liable as a defendant where [he] did not have any direct involvement in Plaintiffs' injuries." *Id.* The Court held that he could not. *Id.* at 988. In part of its reasoning, the Court applied *Sedam v. 2JR Pizza Enterprises, LLC*, 84 N.E.3d 1174 (Ind. 2017), for the proposition that negligent supervision claims against an employer are disallowed when *respondeat superior* is possible—i.e., "when the tortfeasor employee is acting in the course and scope of employment." *Id.* at 985.

The Court also noted that usually "it is the employer that is sued" in negligent supervision cases. *Id.*

This Court does not read *Branscomb* to have established any rule of general applicability. The Court there was "[l]ooking at the specific facts in this particular case, and noting the paucity of the record," to give a narrow response to a certified question. *Id.* at 984. That interpretation accounts for statements that, in other contexts, would be puzzling.

The Indiana Supreme Court, for instance, would not have relied on its observation that usually "it is the employer that *is* sued for negligent hiring claims," to erect a general rule that therefore only the employer *may* be sued. *Id.* at 985 (emphasis added). That would be an obvious fallacy; the Supreme Court gives the law; it does not take from litigants' habits what the law must be. But in context, the statement makes sense: when the federal court must decide whether the store manager was fraudulently joined, it is useful to know that store managers are usually not joined.

Similarly with the reference to *Sedam*. *Sedam* relied on two old cases—one dating from code-pleading days—to hold that, at trial, a plaintiff could not present both a *respondeat superior* claim, for acts within the scope of employment, and a negligent hiring claim, for acts without, at least where the employer stipulated that the employee was acting within the scope of employment. *Sedam*, 84 N.E.3d at 1178. That Court was concerned to prevent jury confusion and the possibility of double recovery. *Id.* This Court doubts whether such an Indiana rule against bringing both claims, extended to apply at the pleading stage, could be reconciled with federal civil

6

procedure,[3] where claims in the alternative are specifically allowed, Fed. R. Civ. P. 8(d)(2), and a plaintiff need not commit to a single "theory of the pleadings," *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014); *see Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1077–78 (7th Cir. 1992) (explaining differences between obsolete code-pleading practices and modern civil procedure); Charles A. Wright & Arthur R. Miller, 5 Fed. Prac. & Proc. Civ. § 1283 (4th ed.) (same). In any case, though, *Branscomb* only used *Sedam* to point out that the plaintiffs in the case before it did not need to use a negligent supervision theory to recover when recovery was possible on a *respondeat superior* theory. *Branscomb*, 165 N.E.3d at 985. The *Branscomb* Court relied on "the record" and the "allegation[s]" to make a ruling about a single manager in a single fact pattern; it did not announce a general rule against negligent supervision by employees. *Id.*

With *Branscomb* properly understood, the common-sense conclusion holds: no Indiana law bars negligent supervision claims against supervisors; under otherwise appropriate circumstances, a supervisory employee may be liable for negligent supervision. Ultimately, "negligent supervision" is just negligence—there are no special elements just because the claim, as a convenient shorthand, specifies the

---

[3] And, insofar as the Indiana Trial Rules parallel federal civil practice, *City of Clinton v. Goldner*, 885 N.E.2d 67, 74 (Ind. Ct. App. 2008), with Indiana's own civil procedure—but if that is a problem, it is for the Indiana courts to sort out for themselves. So far *Sedam* is not applied to bar alternative theories of relief at earlier procedural stages. *Cmty. Health Network, Inc. v. McKenzie*, 185 N.E.3d 368, 377 (Ind. 2022) (citing *Sedam* and holding that under Indiana procedure, alternative theories are allowed at least to summary judgment when factual disputes persist).

allegedly negligent action in its title. *Cmty. Health Network, Inc. v. McKenzie*, 185 N.E.3d 368, 379 (Ind. 2022).

## IV.    Conclusion

The Court's jurisdiction is not affected by the provisions of Indiana's Medical Malpractice Act; this case does not fall within the bounds of that Act; and no rule bars the Does' negligent supervision claims against both Reiff and the University. Butler's Motion to Dismiss, (ECF No. 35), is **denied.**

**SO ORDERED.**

Date: 01/22/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Monica Beck
The Fierberg National Law Group, PLLC
mbeck@tfnlgroup.com

Bailor Bell
The Fierberg National Law Group
bbell@tfnlgroup.com

Amanda C. Couture
Paganelli Law Group
amanda@paganelligroup.com

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
acowgur@paganelligroup.com

Rachael J. Denhollander
The Fierberg National Law Group, PLLC
rdenhollander@tfnlgroup.com

Douglas E Fierberg
The Fierberg National Law Group, PLLC
dfierberg@tfnlgroup.com

William P. Kealey
Stuart & Branigin LLP
wpk@stuartlaw.com

Gregory L. Laker
COHEN & MALAD LLP
glaker@cohenandmalad.com

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com