UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOES 1–4, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )   No. 1:23-cv-01302-JRS-MKK |
| | ) |
| BUTLER UNIVERSITY, | ) |
| MICHAEL HOWELL, | ) |
| RALPH REIFF, | ) |
| | ) |
|     Defendants. | ) |

**Order on Partial Motion to Dismiss**

This is a sex abuse case. Four Butler University student-athletes (their cases consolidated) allege that Butler athletic trainer Michael Howell abused them and that the University and its director of athletics Ralph Reiff failed to protect them from Howell's abuse. The Court denied an initial motion to dismiss. (ECF No. 58.) Since then, Butler and Howell cross-claimed against each other, with Butler seeking indemnity from Howell, (Butler's Crossclaims, ECF Nos. 66, 68, 70, 72), and Howell alleging Butler mishandled its initial investigation into the sex abuse allegations, spread false information about him, and failed to implement procedures to protect him from unfounded sex abuse allegations. (Howell's Crossclaim, ECF No. 73.)

Now before the Court is Butler's Motion to Dismiss parts of Howell's Crossclaim. (ECF No. 74.) The motion is **denied**.

    **I.    Legal Standard**

"A Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th

Cir. 2020) (quoting *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015)). Rule 8(a) requires that the complaint contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a plaintiff is not required to include "detailed factual allegations," but the factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Because the defendant must ultimately be *liable*, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). That applies "without regard to whether [the claim] is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327.

**II.   Discussion**

Howell's Crossclaim is styled as a factual narrative followed by three "counts": "Count I" is "Violation of Title IX"; "Count II" is "Defamation/Violation of Title IX"; and "Count III" is "Negligence." (Crossclaim, ECF No. 73.) Butler's Motion to Dismiss is directed against Counts I and II. (Mot. Dismiss, ECF No. 74.)

    A.  Sex Discrimination

Howell claims Butler discriminated against him on the basis of sex when it fired him after an unfair investigation into the sex abuse allegations raised against him. (Crossclaim ¶¶ 25–40, 48–55, ECF No. 73.) Howell says the discrimination violates

Title IX.  (*Id.* at ¶ 46); *see* 20 U.S.C. § 1681(a).  Butler argues the claim must be dismissed because "Title VII, not Title IX, is the statutory cause of action for a sex discrimination claim" by an employee against an employer.  (Br. Supp. 1, ECF No. 75.)

There are two basic problems with Butler's argument.

### i. Federal Pleading

First is the matter of pleading.  The Federal Rules of Civil Procedure establish a notice pleading regime, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002), under which a complaint need only sketch a "plausible claim" that puts the defendant on notice of what the case is about, *Rowlands v. United Parcel Serv. - Fort Wayne*, 901 F.3d 792, 800 (7th Cir. 2018) (quoting *Twombly*, 550 U.S. at 555).  A "claim" is a set of "operative facts." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012).  A "legal theory" is an avenue to judicial relief on those facts.  *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997).  The two concepts are separate.

That means a complaint need not plead law at all, *id.*; need not get its legal theory right if it does plead law, *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011); and certainly need not match facts to each element of a given theory, *Rowlands*, 901 F.3d at 800.  *See also Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1077–78 (7th Cir. 1992) (explaining the difference between common law and code pleading, which require matching facts to law, and Federal Rules pleading, which does not); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (collecting cases reminding courts and litigants of these fundamentals).  To dismiss a complaint

3

"for imperfect statement of the legal theory supporting the claim" is to invite "summar[y] revers[al]." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014).

Here, then, even if the Court were to agree with Butler that Title VII, and not Title IX, is the correct law (or, more specifically, that Title VII provides the exclusive route to relief on Howell's sex discrimination claim), it would not be proper to dismiss the claim: specifying the wrong legal theory in a complaint is "not [] fatal." *Rabe*, 636 F.3d at 872. That alone disposes of Butler's Motion as to Count I; Howell could drop the Title IX theory, add a Title VII theory, or both, without any effect on the underlying sex discrimination claim. *See Albiero*, 122 F.3d at 419 ("Having specified the wrong done to him, a plaintiff may substitute one legal theory for another without altering the complaint."); *see also N.A.A.C.P. v. Am. Fam. Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992) (explaining how legal theories may vary independently of the underlying claim or claims).

### ii. Title VII Preemption

Second, though, and substantively, the Court does not agree that Title VII is Howell's only possible avenue of relief. Title IX prohibits sex discrimination "under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title VII prohibits sex discrimination by "employer[s]." 42 U.S.C. § 2000e-2(a)(1). The two statutes both prohibit the same conduct—sex discrimination—but apply their prohibitions to two different categories: federally-funded education programs, in the case of Title IX, and employers, in the case of Title VII. Those two categories can, of course, overlap; one organization could be both. It is thus possible

4

to violate both laws at once: a federally-funded education program that discriminates against its employees on the basis of sex violates Title VII in its capacity as an employer, and it violates Title IX in its capacity as a federally-funded education program. *North Haven Board of Ed. v. Bell*, 456 U.S. 512, 530 ("[E]mployment discrimination comes within the prohibition of Title IX.").

It would follow that an employee wronged by sex discrimination in such a case could seek relief under Title VII, *Doe v. Oberweis Dairy*, 456 F.3d 704, 708–09 (7th Cir. 2006) (citing 42 U.S.C. § 2000e–5) (explaining administrative procedure and private right of action under Title VII), Title IX, *see Cannon v. Univ. of Chicago*, 441 U.S. 677 (1979) (recognizing an implied private right of action under Title IX); *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60 (1992) (adding monetary damages as a type of relief available under the previously recognized right of action), or both. That is how remedies usually work: one is allowed to pursue relief under as many legal theories as apply. Fed. R. Civ. P. 8(d)(2); *N.A.A.C.P.*, 978 F.2d at 292. (Parallel remedies present no danger of double recovery because "the pleader is limited to a single recovery no matter how many different (and conflicting) theories it offers." *Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp.*, 910 F.2d 1540, 1548 (7th Cir. 1990).)

That general principle is borne out in practice: other civil rights laws provide overlapping protections that can allow multiple avenues for relief. *See, e.g.*, *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459 (1975) (availability of Title VII remedy does not preempt parallel suit under 42 U.S.C. § 1981); *Fitzgerald v. Barnstable Sch.*

5

*Comm.*, 555 U.S. 246, 249 (2009) (availability of Title IX remedy does not preempt enforcement of Constitutional rights via 42 U.S.C. § 1983); *Trigg v. Fort Wayne Cmty. Sch.*, 766 F.2d 299, 302 (7th Cir. 1985) (availability of Title VII remedy does not preempt enforcement of Constitutional rights via § 1983). And, in this precise context, other Circuits agree that both remedies are available—*i.e.*, that Title VII does not "preempt" Title IX on employment discrimination claims. *E.g.*, *Doe v. Mercy Cath. Med. Ctr.*, 850 F.3d 545, 560 (3d Cir. 2017) (discussing Supreme Court precedent and synthesizing principles); *Vengalattore v. Cornell Univ.*, 36 F.4th 87, 106 (2d Cir. 2022) (approving *Doe*'s reasoning). The Supreme Court, too, has stated in broad terms that "[d]espite Title VII's range and its design as a comprehensive solution for the problem of invidious discrimination in employment, the aggrieved individual clearly is not deprived of other remedies he possesses and is not limited to Title VII in his search for relief." *Johnson*, 421 U.S. at 459; *accord Cannon*, 441 U.S. at 711 ("The fact that other provisions of a complex statutory scheme create express remedies has not been accepted as a sufficient reason for refusing to imply an otherwise appropriate remedy under a separate section."); *North Haven*, 456 U.S. at 535 n.26 ("[E]ven if alternative remedies are available . . . , this Court repeatedly has recognized that Congress has provided a variety of remedies, at times overlapping, to eradicate employment discrimination."). More recently, it has held that "Title IX's private right of action encompasses suits" for sex discrimination by an employee-teacher. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 178 (2005). The Court did not there suggest that the potential availability of redress under Title VII would

preempt the Title IX claims it had before it; instead, it observed that "Title VII . . . is a vastly different statute from Title IX," and contrasted the prohibitions and rights of action under each. *Id.* at 175.

It seems to this Court that the Supreme Court has explicitly, in *Johnson*, and implicitly, in *Jackson*, held that the availability of Title VII remedies does not preempt a plaintiff from seeking parallel relief under Title IX (or indeed under any other applicable substantive law). That is consistent with fundamental principles of rights and remedies, and it lines up with the Supreme Court's rulings on preemption in other civil rights contexts. It is for Congress to change the landscape if it wishes. *See North Haven*, 456 U.S. at 535 n.26 (rejecting a Title VII preemption argument and noting that the provision of parallel remedies reflects "policy considerations [] for Congress to weigh").

Against this weight of authority, Butler raises *Waid v. Merrill Area Public Schools*, 91 F.3d 857 (7th Cir. 1996). The plaintiff in *Waid* alleged that she was the victim of intentional sex discrimination by her employer, a public school. *Id.* at 859–60. She won a state administrative hearing under state anti-discrimination law; her claims in the federal district court were predicated on Title IX and on the Fourteenth Amendment by way of § 1983. The *Waid* court held that the availability of an implied right of action under Title IX preempted any relief under the Constitution. *Id.* at 862–63. That holding was overturned by *Fitzgerald*. 555 U.S. at 249. But the *Waid* court also opined that "Title VII's own remedial mechanisms are the only ones available to protect the rights created by Title VII," 91 F.3d at 862 (citing *Great Am.*

7

*Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372–78 (1979)[1]), and that therefore "Title VII preempted any of Waid's claims for equitable relief under § 1983 or Title IX," *id.* (Yet, in the next paragraph, *Waid* acknowledged that under Circuit precedent, "Title VII does not preempt a cause of action for intentional discrimination in violation of the Constitution." *Id.* (citing *Trigg v. Fort Wayne Community Schs.*, 766 F.2d 299, 300–01 (7th Cir. 1985).) Other district courts in this Circuit have taken those observations as binding precedent. *See, e.g.*, *Agbefe v. Bd. of Educ. of City of Chicago*, 538 F. Supp. 3d 833, 839 (N.D. Ill. 2021), *Ludlow v. Northwestern Univ.*, 125 F. Supp. 3d 783, 788–90 (N.D. Ill. 2015) (collecting cases from the Northern District of Illinois).

This Court respectfully disagrees. Whatever one may think of *Waid*'s reasoning, or its viability at the time it was decided, it has not survived the Supreme Court's decisions in *Jackson*, 544 U.S. 167, and *Fitzgerald*, 555 U.S. 246. *Accord Doe v. Mercy Catholic*, 850 F.3d at 563 (first discussing *Waid*'s uneasy relationship with prior Supreme Court precedent and then concluding, based on *Jackson*, "[w]e . . . question the continued viability of . . . *Waid*."). Those cases reveal that the Supreme Court (still) does not view Title VII to preempt parallel Title IX relief in employment cases.

---

[1] *Novotny* held that a plaintiff cannot use 42 U.S.C. § 1985(3), the conspiracy version of § 1983, as a procedural vehicle to enforce the substantive rights guaranteed by Title VII (in an end-run around Title VII's administrative exhaustion requirements). 442 U.S. at 375–76. In that sense, *Waid* was correct to observe that "Title VII's own remedial mechanisms are the only ones available to protect the rights created by Title VII." 91 F.3d at 862. But it does not follow that Title VII should or does preempt other remedies for violations of other rights— rights guaranteed by Title IX are not "rights guaranteed by Title VII."

       iii. Elements

Lastly, on this claim, Butler argues that "Howell does not allege that he is seeking any remedy for access to education," and that his claim therefore fails, because "[a] required element of a Title IX sex discrimination claim is that 'the plaintiff was excluded from participation in or denied the benefits of an educational program.'" (Br. Supp. 7, ECF No. 75 (quoting *Doe v. University of Southern Indiana*, 43 F.4th 784, 792 (7th Cir. 2022).)

There are, again, two problems.

First, "what must eventually be proved to prevail" is different from "what must be pled to state a claim," and the two should not be confused. *See Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923–24 (7th Cir. 2007) (collecting cases); *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022). So even if it were true that seeking "access to education" is a "required element" to prevail under Title IX, it does not mean Howell's claim necessarily fails if he does not allege it.

Second, it is *not* true that Title IX relieves only those who were denied "access to education." The statute says, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, *or be subjected to discrimination under* any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681(a) (emphasis added). The statute by its terms reaches employment discrimination, and the Supreme Court has so applied it. *North Haven*, 456 U.S. at 535. (Butler found a case that omits the statutory language just emphasized, which gave it the wrong idea; the cited case was abbreviating for

9

convenience because there a different element was "the only one in dispute." *Doe v. Univ. of S. Ind.*, 43 F.4th at 792.)

### B. Defamation

Howell claims that "the results of the Title IX proceedings have been repeatedly reported . . . publicly in the media" and that the "false and defamatory" findings from those proceedings have been "republished . . . to multiple third parties." (Crossclaim ¶¶ 41–42, 58–59, ECF No. 73.) Butler argues the claim must be dismissed because Howell "fail[s] to allege a defamatory statement with specificity" as required by Indiana law, because he fails to "alleg[e] . . . falsity," as required by Indiana law, and because "[a]bsolute immunity [applies] for statement[s] to a quasi-judicial entity." (Br. Supp. 8–9, ECF No. 75.)

#### i. Federal Pleading (bis)

Here, too, Butler misconceives federal pleading.

"State requirements for pleading do not apply in federal litigation." *Farzana K. v. Indiana Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007). Howell's complaint does not need to comply with Indiana pleading requirements. It only needs to pass muster under the Federal Rules. And the Federal Rules require nothing more than a "short and plain statement" of the claim. *Rowlands*, 901 F.3d at 800; Fed. R. Civ. P. 8(a). The Rules impose a heightened pleading standard of "particularity" for claims involving "fraud or mistake," Fed. R. Civ. P. 9(b), but that rule does not apply to the defamation claim at issue here. Howell's claim suffices under the Federal Rules, so

it does not matter if, as Butler argues, he would have had to plead more in Indiana state court.

Similarly, it does not matter if, in Indiana, Howell would have to allege that the defamatory statement was false. In federal court, "[f]acts that substantiate the claim ultimately must be put into evidence, but the rule 'plaintiff needs to prove Fact Y' does not imply 'plaintiff must allege Fact Y at the outset.' That's the difference between fact pleading (which the courts of Illinois use) and claim pleading under Rule 8." *Vincent*, 485 F.3d at 923–24.

        ii.  Privilege

Butler next argues that "absolute immunity" or an "absolute privilege" applies to shield from defamation liability any "report made by a healthcare professional" to "a quasi-judicial entity charged with investigating reports of misconduct." (Br. Supp. 9–10, ECF No. 75 (quoting *Abbott v. Individual Support Home Health Agency, Inc.*, 148 N.E.3d 1091, 1096–97 (Ind. Ct. App. 2020).)

Any absolute privilege is, as Butler concedes, an affirmative defense. Howell need not "anticipate and overcome" affirmative defenses in his complaint. *Hanson v. LeVan*, 967 F.3d 584, 597 (7th Cir. 2020). There is a "mismatch" between Rule 12(b)(6) and affirmative defenses that makes them ill-suited to resolution at this stage. *Id.*; *see also Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring) ("Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground of dismissal.").

Butler tries to get around that conclusion by claiming the exception: "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense." *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

The Court does not think that exception applies here. "[C]omplaints need not allege facts that tend to defeat affirmative defenses. The right question [in applying the exception] is whether it is possible to imagine proof of the critical facts consistent with the allegations actually in the complaint." *Id.* at 628. Howell alleges Reiff reported him to the state licensing board. (Crossclaim ¶ 60, ECF No. 73.) Without more, that allegation does not establish an absolute privilege under Indiana law. The lead cases, *Abbott*, 148 N.E.3d 1091, and *Hartman v. Keri*, 883 N.E.2d 774, 777 (Ind. 2008), deal with analogous but not identical "quasi-judicial" proceedings. So there is an open question, on the face of the complaint, whether absolute privilege could apply. Furthermore, the rule in those cases shields "relevant" statements, *Hartman*, 883 N.E.2d at 777, and without any information about the scope of the licensing board's authority, the nature of the proceedings, or the exact statements at issue, it is too soon to say whether a privilege applies. Those conclusions remain true even if Howell's elaboration in his response brief, (ECF No. 86 at 6), were regarded as amending his complaint. *Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 488 (7th Cir. 2023) (recognizing district court discretion to treat arguments in briefing as constructive motions to amend); *Albiero*, 122 F.3d at 419 ("[A] plaintiff may supplement the complaint with factual narration in an affidavit or brief.").

Until evidence, or a more particular statement, Fed. R. Civ. P. 12(e), *see also Jacobs*, 215 F.3d at 775 (Easterbrook, J., concurring) (describing procedural options for an early evaluation of immunity defense), is available, the Court will not dismiss the claim.

### III. Conclusion

Howell's crossclaim need not plead law, so its identification of Title IX as a statutory basis is no grounds for dismissal, even if that basis is wrong—and the Court does not think it is wrong. Likewise, Howell's crossclaim need not conform to Indiana pleading requirements, nor to defeat Indiana affirmative defenses that are suggested, but not conclusively demonstrated, by the complaint.

Butler's Motion to Dismiss Howell's Crossclaim, (ECF No. 74), is **denied.**

**SO ORDERED.**

Date: 07/29/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Monica Beck
The Fierberg National Law Group, PLLC
mbeck@tfnlgroup.com

Bailor Bell
The Fierberg National Law Group
bbell@tfnlgroup.com

13

Amanda C. Couture
Paganelli Law Group
amanda@paganelligroup.com

Anne L. Cowgur
Paganelli Law Group
acowgur@paganelligroup.com

Rachael J. Denhollander
The Fierberg National Law Group, PLLC
rdenhollander@tfnlgroup.com

Douglas E Fierberg
The Fierberg National Law Group, PLLC
dfierberg@tfnlgroup.com

William P. Kealey
Stuart & Branigin LLP
wpk@stuartlaw.com

Gregory L. Laker
COHEN & MALAD LLP
glaker@cohenandmalad.com

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com

Andrea Rose Simmons
S.K. HUFFER & ASSOCIATES, PC
asimmons@cohenandmalad.com