UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE 1, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:23-cv-01302-JRS-MKK |
| ) | |
| BUTLER UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

For the reasons set forth below, Plaintiffs' request to continue proceeding under pseudonyms is **GRANTED**.

**I.  Background**

In Summer 2023, the four Plaintiffs filed separate complaints against Defendants. (Dkt. 1; 1:23-cv-01303-JRS-MKK, Dkt. 1; 1:23-cv-01306-JRS-MKK, Dkt. 1; 1:23-cv-01457-JRS-MKK, Dkt. 1). Each Plaintiff sought leave to proceed under a pseudonym. (Dkts. 2, 3; 1:23-cv-01457-JRS-MKK, Dkt. 6). Defendant Howell opposed the requests. (Dkt. 30; 1:23-cv-01457-JRS-MKK, Dkt. 28). Defendant Butler University ("Butler") conceded that grounds existed to allow Jane Does 1 and 2 to proceed anonymously, (Dkt. 31 at 4), and took no position on Jane Doe 3's request, (*id.*). As to Jane Doe 4, Butler incorporated its response to the other Plaintiffs' requests. (1:23-cv-01457-JRS-MKK, Dkt. 22). Plaintiffs filed replies in support of their motions. (Dkts. 33, 34; 1:23-cv-01457-JRS-MKK, Dkts. 27, 30).

In mid-November 2023, the Court granted Plaintiffs' motions, allowing them to proceed under the pseudonyms "Jane Doe 1" (1:23-cv-01302-JRS-MKK), "Jane Doe 2" (1:23-cv-01303-JRS-MKK), "Jane Doe 3" (1:23-cv-01306-JRS-MKK), and "Jane Doe 4" (1:23-cv-01457-JRS-MKK). (Dkts. 45, 51). Shortly thereafter, the Court consolidated the four cases for all purposes. (Dkt. 50).

In April 2024, the Seventh Circuit issued two opinions addressing the use of pseudonyms. *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485 (7th Cir. 2024); *Doe v. Loyola Univ. Chicago*, 100 F.4th 910 (7th Cir. 2024). Thereafter, the undersigned set the matter for a hearing on the issue of pseudonymity. (Dkt. 110). Plaintiffs filed a Brief to Continue to Proceed Under Pseudonym, (Dkt. 117), to which Butler responded in opposition. (Dkt. 122). Plaintiffs replied in support of their request. (Dkt. 137). The evidentiary hearing was held on October 28, 2024. Defendant Michael Howell did not respond to Plaintiffs' brief and clarified in advance of the hearing that he did not oppose Plaintiffs' requests.

## II.    Legal Standard

The undersigned previously reviewed the law relating to the use of pseudonyms. (Dkt. 45 at 5–7; Dkt. 51 at 3–6). To the extent the Seventh Circuit's 2024 decisions have refined the principles discussed in the prior orders, the undersigned engages in a brief discussion of the applicable law now.

"The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). This principle is reflected by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) ("the

2

complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). The Seventh Circuit's caselaw reflects this presumption against pseudonymous litigation. *See Trs. of Ind. Univ.*, 101 F.4th at 491 ("Judicial proceedings are open to the public, which has an interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system."); *Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023) ("'[t]he use of fictitious names is disfavored'") (quoting *Blue Cross & Blue Shield United*, 112 F.3d at 872); *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[t]he public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret"); *Blue Cross & Blue Shield United*, 112 F.3d at 872 ("Identifying the parties to the proceeding is an important dimension of publicness.").

Nevertheless, "exceptional circumstances" can justify pseudonymity for litigants seeking relief in federal court. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *see also Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) ("Not that concealment of a party's name is always improper."). "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from [concealing the party's identity]." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (citations omitted). This requires the movant to show that the harm she faces "exceeds the likely harm from concealment." *Dettelbach*, 59 F.4th at 259 (quoting *City of Chicago*, 360 F.3d at 669).

The Seventh Circuit has identified some exceptional circumstances that constitute privacy interests warranting pseudonymity, such as "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses," *Blue Cross & Blue Shield United*, 112 F.3d at 872, or when there is a "danger of retaliation," *City of Chicago*, 360 F.3d at 669. Although an "allegation of fear of retaliation 'is often a compelling ground' in favor of anonymity," *Vill. of Deerfield*, 819 F.3d at 377 (citation omitted), generalized fear is not enough. *See Trs. of Ind. Univ.*, 101 F.4th at 491 ("A substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined by the court—may justify anonymity."). Nor is a desire to avoid embarrassment. *Id.*

In the Court's earlier ruling, the undersigned examined a list of factors routinely considered by courts in this District. (*See* Dkt. 45 at 6–7, 8–12). The Seventh Circuit has since cast doubt upon those factors. *See Trs. of Ind. Univ.* 101 F.4th at 492 (commenting that the district court's "opinion mention[ed] a multifactor approach drawn from opinions of a few district judges, an approach that has not been adopted by this circuit"). Moreover, in *Trustees of Indiana University*, the Seventh Circuit found that the trial court abused its discretion when permitting the plaintiff to proceed anonymously "without finding that he [wa]s a minor, [wa]s at risk of physical harm, or face[d] improper retaliation (that is, private responses unjustified by the facts as determined in court)." *Id.* at 493.

4

The decision to allow a litigant to proceed pseudonymously is entrusted to the discretion of the Court. *Trs. of Ind. Univ.*, 101 F.4th at 493; *Vill. of Deerfield*, 819 F.3d at 376. This discretion comes with "an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts," even if the motion to proceed under a fictious name is not opposed. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *see also* S.D. Ind. L.R. 10-1 (advisory committee comments) ("The court has an independent duty to determine whether the potential harm to a litigant exceeds the presumption that judicial proceedings are open to the public, such that the litigant should be permitted to proceed under a pseudonym.").

## III. Evidentiary Hearing

On October 28, 2024, the Court held an evidentiary hearing. (Dkt. 161). All four Plaintiffs testified, as well as Dr. Shana Markle, a licensed psychologist who treated three of the four plaintiffs. The Court admitted documentary exhibits offered by both sides. (*Id.*). At the conclusion of evidence, Plaintiffs and Butler presented brief arguments.[1]

## IV. Discussion

As a preliminary matter, the Court notes that the continued litigation has confirmed many of the findings from its November 2023 Orders. For example, Plaintiffs have been "required to disclose information of the utmost intimacy," (Dkt.

---

[1] Defendant Howell, by counsel, appeared telephonically but did not participate in the hearing. (Dkt. 161 at 1). Defendant Reiff, as to whom the case has since been dismissed, (Dkt. 183), appeared by counsel. (Dkt. 161).

45 at 8; Dkt. 51 at 7), in depositions and other aspects of discovery. And, as previously stated, disclosure of this type of information – *i.e.*, allegations of unwanted sexual contact – weighs in favor of permitting pseudonyms. *See Trs. of Ind. Univ.*, 101 F.4th at 492 (distinguishing claim of sex discrimination from one involving "what happened during sexual relations"); *Loyola Univ. Chicago*, 100 F.4th at 914 ("Courts often extend the protection of anonymity to victims of sex crimes") (citing *Blue Cross*, 112 F.3d at 872); *Doe v. Purdue Univ.*, 321 F.R.D. 339, 341–42 (N.D. Ind. 2017) (allowing a plaintiff to proceed anonymously in a matter containing allegations of sexual misconduct); *Doe v. Nat'l Collegiate Athletic Ass'n*, No.1:23-cv-542-SEB-MJD, 2023 WL 3074907, at *2 (S.D. Ind. Apr. 25, 2023) (allowing plaintiffs to litigate anonymously when their complaints involved allegations of sexual misconduct and coaches' abusive behavior). That said, the Court does not conclude that allegations of unwanted sexual contact, sexual misconduct, or sex crimes automatically entitle a party to pseudonym protection.

Similarly, the Court previously found that Plaintiffs' "specific allegations regarding threats of retaliation and resulting future harm to be sufficient to surpass a 'general fear of embarrassment.'" (Dkt. 45 at 10 (as to Jane Does 1, 2, and 3); *see also* Dkt. 51 at 8 ("the specific circumstances [with respect to Jane Doe 4] demonstrate a real possibility of more than general fear of embarrassment and establish that Plaintiff faces a not-insignificant risk of suffering physical or mental injury if identified")). While that finding rested in part on the fact that two of the

6

Plaintiffs were then student-athletes at Butler,[2] (Dkt. 45 at 10; Dkt. 51 at 8 n.2), it nevertheless holds true today.

The testimony and evidence presented at the hearing establishes that each Plaintiff faces a significant risk of physical harm should her pseudonymity request be denied. Plaintiffs do not rely only on a generalized fear of embarrassment or unsubstantiated risk of harm, but rather point to specific, credible evidence to support their assertions that they risk physical injury[3] should their identities be revealed.

At the hearing, the Court heard testimony from Dr. Markle, a licensed psychologist who provided counseling to Jane Does 1, 2, and 3. As of the date of the hearing, Jane Doe 1 remained an active client, and Dr. Markle had last met with Jane Does 2 and 3 roughly one week before the hearing and in the Summer 2024, respectively. Dr. Markle reviewed the symptoms that Jane Does 1, 2, and 3 experienced at the beginning of the events underlying the present case. She testified that each of the three women had had "some suicidal ideation" resulting from the thought of the litigation being made public. She then proceeded to testify that she believed revealing the women's identities "would be devastating" and risk "significant damage." The doctor continued, "I don't think I could state strongly enough how concerned I would be about their health and their ability to remain safe if they were in a position where their names were made public." Dr. Markle

---

[2] Now only Jane Doe 2 is a current Butler student.

[3] At the hearing, Butler suggested that the physical injury must be caused by a third-party. Butler offers no authority for this position. Nor does the undersigned perceive such a requirement to be imposed by Seventh Circuit precedent.

also testified that "the challenge of their pseudonyms by the university . . . would cause a secondary trauma" to the women. The Court finds this testimony credible and supported by Dr. Markle's professional experience as well as by her specific interactions with Jane Does 1, 2, and 3.

    The individual plaintiffs also testified. Jane Doe 4 testified that she "fear[ed] that all of [her] physical and mental symptoms," to include anxiety, depression, weight and hair loss, and sleep disruption, would "worsen again" if she were to be publicly identified. Jane Doe 2 expressed similar concerns. Jane Doe 3 testified that she was "very fearful of symptoms recurring," including "suicidal thoughts, worsening depression, [and] isolation." Jane Doe 1's testimony concentrated more on "social stigmatization" and a fear of negative consequences in her professional and academic life. She also characterized "one of [her] biggest fears and concerns" as being identified as the person depicted in allegedly compromising photos and videos taken by Defendant Howell and/or others, that had been, or could be, made public.

    In sum, Jane Does 2, 3, and 4 offered credible testimony that they feared the return of harmful physical and mental symptoms should they be identified publicly. While Jane Doe 1's testimony concentrated more on professional and academic consequences, she also testified regarding past struggles with sleeping, eating, and overexercising, and expressed concern that these harmful symptoms would return if she were to be identified in the lawsuit. The Court finds that the fears of all four

8

Plaintiffs go beyond mere speculation and are corroborated by their past experiences as well as the testimony of Dr. Markle.

In addition, based on the testimony of Dr. Markle as well as that of Plaintiffs, the Court finds that the individual plaintiffs would each face a significant risk of physical harm, as well as damage to their mental health, if the pseudonymity protection were lifted. The Court recognizes Butler's argument that enterprising journalists might identify one or more Plaintiffs despite the assignment of pseudonyms. But the Court does not conclude that this possibility (which is not a certainty) undermines the showing of physical harm made by Plaintiffs.

With regards to prejudice to Defendants, the Court finds no reason to alter its prior conclusion. Allowing Plaintiffs to continue under pseudonyms will not unduly hamper Defendants' ability to defend their cases (and prosecute their crossclaims). Indeed, liability discovery has closed, and the Court has issued its ruling on summary judgment, (Dkt. 183). The Court has received no report that Plaintiffs' pseudonymity has hampered the parties' endeavors in these areas. Nor has any adverse effect on third-party discovery been reported to the undersigned. In fact, at the hearing, Butler confirmed that it was not making any claim of prejudice from Plaintiffs' use of pseudonyms during "the pretrial process." Although Butler asserted that it would be prejudiced by the use of pseudonyms at trial, that argument was left largely undeveloped. In any event, the relevant standard does not require the lack of *any* prejudice to Defendants but only that the risk of harm to

9

Plaintiffs "exceeds the likely harm from concealment." *Dettelbach*, 59 F.4th at 259 (quoting *City of Chicago*, 360 F.3d at 669). That standard is satisfied here.

## V.     Conclusion

For the foregoing reasons, the Court finds that each Plaintiff would face a substantial risk of physical and mental harm if she were to lose her ability to proceed under a pseudonym. Therefore, the Court **GRANTS** Plaintiffs' requests to continue proceeding under pseudonyms.

So **ORDERED**.

Date: 04/21/2025

_____
M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.