UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE 1, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-01302-JRS-MKK ) |
| BUTLER UNIVERSITY, MICHAEL HOWELL individually and as an agent of Butler University, | ) ) ) ) ) |
| Defendants. | ) ) |
| BUTLER UNIVERSITY, MICHAEL HOWELL individually and as an agent of Butler University, | ) ) ) ) ) |
| Cross Claimants, | ) ) |
| v. | ) ) |
| MICHAEL HOWELL individually and as an agent of Butler University, BUTLER UNIVERSITY, | ) ) ) ) |
| Cross Defendants. | ) ) |
| JANE DOE 2 1:23-cv-1303, JANE DOE 3 1:23-cv-1306, JANE DOE 4 1:23-cv-1457, | ) ) ) ) |
| Consol Plaintiffs. | ) |

**Order on Defendant Butler University's Objection to Magistrate Judge's Order Granting Continuation of Pseudonymity**

This matter is before the Court on Defendant Butler University's ("Butler") Objection to Magistrate Judge M. Kendra Klump's Order Granting Continuation of

1

Pseudonymity to Plaintiff Jane Doe 4. (ECF No. 192.) For the following reasons, Butler's objection is **overruled**, and Judge Klump's Order is **affirmed**.

## I.     Background

Plaintiffs Jane Does 1–4, former Butler women's soccer players, each filed a Complaint against Defendants Butler and Michael Howell, Does' athletic trainer, alleging various tort claims arising out of Howell's grooming, sexual abuse, sexual assault, and sexual harassment of Does 1–4.[1] (*See, e.g.*, Doe 1 Compl., ECF No. 1.) Does moved to litigate this case using pseudonyms. (*See, e.g.*, Pls.' Joint Mot. Proceed Under Pseudonym, ECF No. 3.) Magistrate Judge M. Kendra Klump granted Does' motions over Howell's objections. (ECF Nos. 45, 51.) Butler did not object to pseudonymity for Does 1–2, took no position on pseudonymity for Doe 3, (ECF No. 31), and incorporated its responses to Does 1–3 in response to Doe 4's motion for pseudonymity, (ECF No. 22, cause no. 1:23-cv-01457-JRS-MKK).

After Judge Klump granted Does' motions to proceed using pseudonyms, the United States Court of Appeals for the Seventh Circuit issued two opinions addressing the standards for permitting pseudonymous litigation. *See Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491–93 (7th Cir. 2024); *Doe v. Loyola Univ. Chi.*, 100 F.4th 910, 912–14 (7th Cir. 2024). Consequently, Judge Klump *sua sponte* set a hearing to determine whether Does may continue to use pseudonyms given the Seventh Circuit's recent guidance. (ECF No. 110.) The Parties briefed the pseudonymity issue before

---

[1] Does 1–4 also asserted claims against Ralph Reiff, Butler's athletic director. The Court dismissed the claims against Reiff on summary judgment. (Order Mot. Summ. J., ECF No. 183.)

2

the hearing. (*See* ECF Nos. 117, 122, 137.) Does argued, in part, that public identification would "place them at risk of further emotional and psychological suffering and injury." (Pls.' Br. 5, ECF No. 117.) At the hearing, Does 1–4 testified, as did Dr. Shana Markle, a licensed psychologist who had treated Does 1–3 but not Doe 4. (Order 5, ECF No. 188.) Judge Klump also admitted documentary exhibits offered by both Parties. (*Id.*) The Court briefly summarizes the relevant testimony below.

Doe 4 testified that she experienced "crippling anxiety" and depression, "inability to gain weight or keep weight on," hair loss, and inability to sleep because of the abuse she endured. (Pseudonymity Hr'g Tr. 7:16–8:5, ECF No. 202.) Doe 4 explained that the publicity of this case has had a negative effect on her mental health. (*Id.* 15:11–19.) Doe 4 further testified that she fears the "worsen[ing]" of the above physical and mental symptoms should she be publicly identified as a plaintiff in this case. (*Id.* 9:6–14.) She worries that she "will hit a point where [she's] not able to get up to go to work . . . [or] do anything . . . because of the depression . . . and the anxiety." (*Id.* 9:11–14.)

Dr. Markle, in relevant part, testified that she is a licensed psychologist that has counseled hundreds of sexual assault survivors during her career. (*Id.* 22:3–4, 23:24–24:4, 27:21–28:5.) She began treating Does 1–3 approximately one year after they reported Howell's abuse to Butler. (*Id.* 33:7–11.) Does 1–3 initially presented with symptoms including "significant anxiety," "a lot of difficulty functioning," "a lot of interference with . . . appetite [and] sleep," "a lot of social isolation, not going to public

3

events, difficulty even just going to class." (*Id.* 27:1–9.) Dr. Markle explained that sometimes, Does 1–3 were not able to "take care of their basic tasks around the home or bath[e]." (*Id.* 27:11–14.) These symptoms, according to Dr. Markle, are "very common" in survivors of sexual assaults. (*Id.* 27:15–20.) Dr. Markle further testified that Does 1–3 each expressed suicidal ideations at the thought of being publicly identified as a plaintiff in this case. (*Id.* 29:10–30:13.) Moreover, Dr. Markle explained that "[i]t would be devastating" to Does 1–3 to be publicly identified as plaintiffs in this case. (*Id.* 30:15–18.) Specifically, Dr. Markle warned: "I don't think I could state strongly enough how concerned I would be about their health and their ability to remain safe if they were in a position where their names were made public." (*Id.* 30:19–23.) Additionally, Dr. Markle noted that proceedings in this case have "reactivated all of the primary symptoms [Does 1–3] experienced when [Dr. Markle] first started meeting them," (*id.* 38:5–12), or in other words, caused a "secondary trauma," (*id.* 43:4–16). Dr. Markle views the publicity of this case as having a negative impact on Does' mental health. (*Id.* 39:22–25.)

Judge Klump granted Does' requests to continue using pseudonyms. (Order, ECF No. 188.) She concluded that the testimony and evidence established that Does each face a "significant risk of physical harm, as well as damage to their mental health, if the pseudonymity protection were lifted. (*Id.* 9.) Judge Klump further concluded that Does "do not rely only on a generalized fear of embarrassment or unsubstantiated risk of harm, but rather point to specific, credible evidence"

4

supporting their asserted risk of physical harm resulting from public identification. (*Id.* 7.)

Butler objects to Judge Klump's order to the extent it permits Doe 4 to continue using a pseudonym and apparently concedes that Does 1–3 may continue using pseudonyms. (*See* Butler Obj., ECF No. 192.)

## II.  Legal Standard

Federal Rule of Civil Procedure Rule 72(a) authorizes this Court to "modify or set aside any part of" a magistrate judge's order on a non-dispositive motion if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Wells v. Freeman Co.*, No. 3:21-cv-00047-JRS-MPB, 2022 WL 22672903, at *1 (S.D. Ind. May 9, 2022) (quoting *Fitzgerald v. Roncalli High Sch., Inc.*, No. 1:19-cv-04291-RLY-TAB, 2021 WL 4539199, at *1 (S.D. Ind. Sep. 30, 2021)).

## III.  Discussion[2]

"Judicial proceedings . . . are to be conducted in public." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). Thus, "[t]he norm in federal

---

[2] Butler objects to Judge Klump's Order without citation to the pseudonymity hearing transcript. To facilitate review in this Court and in the appellate court, the Court ordered a partial transcript of testimony given by Jane Doe 4 and Dr. Shana Markle

5

litigation is that all parties' names are public." *Trs. of Ind. Univ.*, 101 F.4th at 491 (collecting cases); Fed. R. Civ. P. 10(a); *cf. Blue Cross*, 112 F.3d at 872 ("The use of fictitious names is disfavored."). Yet, pseudonymity can be justified in "exceptional circumstances." *Blue Cross*, 112 F.3d at 872; *see also Loyola Univ. Chi.*, 100 F.4th at 913 (citing *E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019)) ("[O]nly 'exceptional circumstances' justify the use of a fictitious name for an adult."). "The [Court] has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Roe v. Dettelbach*, 59 F.4th 255, 260 (7th Cir. 2023) (quoting *Blue Cross*, 112 F.3d at 872). These exceptional circumstances must "outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016); *see also Dettelbach*, 59 F.4th at 259 (quoting *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)) ("A party seeking to proceed by pseudonym must 'show[] that the harm to the [party] . . . exceeds the likely harm from concealment.'").

Exceptional circumstances exist where the plaintiff "is a minor, is at risk of physical harm, or faces improper retaliation." *Trs. of Ind. Univ.*, 101 F.4th at 493. "Retaliation" in this context is rather narrow and limited to "retaliation . . . that is unjustified by the facts—such as animus toward people with unpopular religious beliefs." *Loyola Univ. Chi.*, 100 F.4th at 913; *see, e.g., Doe 3 v. Elmbrook Sch. Dist.*,

---

given at the pseudonymity hearing. (*See* Order, ECF No. 201; Partial Tr., ECF No. 202.)

6

658 F.3d 710, 723–24 (7th Cir. 2011), adopted on this issue by *Doe v. Elmbrook Sch. Dist.*, 687 F.3d 840, 842–43 (7th Cir. 2012) (en banc).  The "reaction legitimately attached to the truth of events as determined in court" is insufficient to justify pseudonymity, as is the desire to avoid embarrassment.  *Trs. of Ind. Univ.*, 101 F.4th at 491.  The risk of harm necessary to justify anonymity must be "substantial."  *See id.*; *see also Doe v. Young*, No. 24-2871, 2025 WL 927320, at *1 (7th Cir. Mar. 27, 2025) (affirming denial of pseudonymity where plaintiff presented "overly broad assumptions" instead of "evidence of a substantial risk of harm directed towards him").

The Seventh Circuit recently observed that "[c]ourts often extend the protection of anonymity to victims of sex crimes." *Loyola Univ. Chi.*, 100 F.4th at 914; *see Blue Cross*, 112 F.3d at 872 ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses.").  Courts have cited this guidance when granting pseudonymity to sexual assault victims.  *See, e.g.*, *Doe I v. Ind. Univ. Bloomington*, No. 1:24-cv-01982-MPB-MG, 2025 WL 754523, at *3 (S.D. Ind. Mar. 10, 2025); *Kane v. Loyola Univ. Chi.*, No. 22 CV 6476, 2024 WL 4907100, at *2 (N.D. Ill. Sep. 3, 2024).[3]

---

[3] Federal courts are split on whether allegations of sexual assault victimization alone are sufficient to justify anonymity.  *See Ind. Univ. Bloomington*, 2025 WL 754523, at *3 n.2 (collecting cases); *Kane*, 2024 WL 4907100, at *2 n.1 (same).  Judge Klump "d[id] not conclude that allegations of unwanted sexual contact, sexual misconduct, or sex crimes automatically entitle a party to pseudonym protection," (Order 6, ECF No. 188); thus, the Court need not take a position on that issue here.

7

Butler argues that, with respect to Doe 4, Judge Klump's order is clearly erroneous and/or contrary to law for three reasons. First, Butler asserts that Doe 4 failed to show an exceptional circumstance sufficient to justify pseudonymity. (Butler Obj. 8, ECF No. 192.) Second, Butler argues that Judge Klump erred by failing to explain how Doe 4 proved an exceptional circumstance "without the benefit of [Dr.] Markle['s] testimony." (*Id.*) Third, Butler argues that Judge Klump failed to weigh Doe 4's alleged exceptional circumstances against the public interest. (*Id.*) Below, the Court addresses each of Butler's arguments[4] and concludes that Judge Klump's order was neither clearly erroneous nor contrary to law.

### A. Exceptional Circumstance & Sufficiency of Evidence

Judge Klump found that Doe 4 would "face a significant risk of physical harm, as well as damage to [her] mental health, if the pseudonymity protection were lifted." (Order 9, ECF No. 188.) Judge Klump further concluded that Doe 4 did not "rely only on a generalized fear of embarrassment or unsubstantiated risk of harm," but instead supported her asserted risk of harm with "specific, credible evidence." (*Id.* 7.) Specifically, Judge Klump considered Doe 4's testimony that she feared her "physical and mental symptoms," including "anxiety, depression, weight and hair loss, and sleep disruption" would "worsen again" should she be publicly identified. (*Id.* 8

---

[4] Does observe that Judge Klump applied the same legal principles to Does 1–4. (Pls.' Resp. 5, ECF No. 193.) Accordingly, Does argue that Butler "defies logic" by arguing that Judge Klump misapplied the law to only Doe 4's request for pseudonymity. (*Id.*) Butler does not explain why Judge Klump's application of the law is erroneous with respect to only Doe 4's request. Nevertheless, the Court addresses Butler's arguments as to only Doe 4's pseudonymity.

8

(quoting Doe 4's testimony)). Judge Klump also considered the testimony of Dr. Markle, a licensed psychologist who counseled Does 1–3 but not Doe 4. (*See id.* 7–8.) Judge Klump found both Doe 4 and Dr. Markle credible and concluded that Doe 4's fears "go beyond mere speculation and are corroborated by [her] past experiences as well as the testimony of Dr. Markle." (*Id.* 8–9.)

The Court discerns no error in these factual findings and legal conclusions.

### 1. Exceptional Circumstance

Butler argues that Judge Klump's order was clearly erroneous and contrary to law because Doe 4 failed to demonstrate an "exceptional circumstance" sufficient to justify pseudonymity. (Butler Obj. 8–13, ECF No. 192.) The Court disagrees. Butler's arguments are, in large part, premised on mischaracterizations of Doe 4's exceptional circumstance. First, Butler characterizes Doe 4's alleged exceptional circumstance as "[p]ublicity-related stress" related to "recounting and proving" her tort claims. (*Id.* 9.) Accordingly, Butler argues that Judge Klump "neglect[ed], misread[][,] and misappl[ied]" the law by "lead[ing] with the rationale" that Doe 4 has "been 'required to disclose information of the utmost intimacy'" to pursue her claims. (*Id.* 10–11 (quoting Order 5–6, ECF No. 188)). Not so. Judge Klump did not rely on this rationale when she found that Doe 4 faced a substantial risk of physical harm and granted pseudonymity. Instead, she observed, "[a]s a preliminary matter," that "the continued litigation has confirmed many of the findings from [the court's]" previous pseudonymity orders, including that Doe 4 has been required to disclose intimate information. (Order 5–6, ECF No. 188.) Though Judge Klump noted that the

9

"disclosure of this type of information—*i.e.*, allegations of unwanted sexual contact—weighs in favor of permitting pseudonyms," Judge Klump explicitly rejected the premise that Doe 4's "allegations of unwanted sexual contact . . . automatically" justify pseudonymity. (*Id.* 6.)

Next, Butler characterizes Doe 4's alleged exceptional circumstance as "[s]tress from litigating pseudonymity," "stress from motion practice," and "generalized participation in the proceedings." (Butler Obj. 12–13, ECF No. 192.) Butler argues that Judge Klump "reason[ed] that 'secondary trauma' from Butler's 'challenge of their pseudonyms'" is an exceptional circumstance. (*Id.* 12.) Again, not so. Judge Klump's only mention of a "secondary trauma" is in a recitation of Dr. Markle's testimony. (*See* Order 7–8, ECF No. 188.) Judge Klump concludes the recitation of Dr. Markle's testimony by finding Dr. Markle credible. (*Id.* 7.) Nowhere does Judge Klump find that "stress from motion practice" or "stress from litigating pseudonymity" or "generalized participation in the proceedings" is an exceptional circumstance. Rather, Judge Klump concluded that Doe 4 would face a significant risk of physical harm and damage to her mental health resulting from Doe 4's public identification in this case. (*Id.* 7, 9.) This conclusion was based on "specific, credible evidence," namely, Doe 4's testimony that was corroborated by her past experiences and Dr. Markle's testimony—not a generalized fear of embarrassment. (*Id.* 7.)

Finally, Butler argues that Judge Klump "erroneous[ly] characterize[ed]" Doe 4's "'damage to mental health' as an exceptional circumstance." (Butler Obj. 11, ECF No. 192.) Butler does not dispute that Doe 4 fears damage to her mental health

10

should her pseudonymity request be denied. (Butler Reply 4, ECF No. 194.) Rather, Butler criticizes the Order for rejecting Butler's argument that a risk of physical harm must be posed by a third-party to justify pseudonymity and for "not identify[ing] any authority recognizing 'damage to mental health' as an 'exceptional circumstance.'" (*Id.* 11–12.) In other words, Butler argues that the absence of authority on pseudonymity justified by first-party risks and "damage to mental health" requires the Court to reject those justifications for pseudonymity until further instruction from the Seventh Circuit.

The Court, however, agrees with Judge Klump that Seventh Circuit precedent does not require physical harm to be inflicted by a third party. (Order 7 n.3, ECF No. 188 (observing that Butler offers no authority for its position)). Moreover, the Court notes that some courts have permitted mental harm to justify pseudonymity. *See, e.g., Doe v. Trs. of Ind. Univ.*, No. 1:12-cv-1593-JMS-DKL, 2013 WL 3353944, at *3 (S.D. Ind. July 3, 2013) (permitting plaintiff to use pseudonym where plaintiff's treating psychiatrist opined that public identification of plaintiff would present a "substantial risk of causing mental and physical harm"); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (instructing district courts to consider in their pseudonymity analyses "whether identification poses a risk of retaliatory physical or mental harm" to the plaintiff). Thus, Judge Klump's conclusion that Doe 4 "face[s] a significant risk of physical harm, as well as damage to [her] mental health, if the pseudonymity protection were lifted" was not contrary to law. (Order 9, ECF No. 188.)

### 2. Sufficiency of the Evidence

Butler argues that Judge Klump's order errs by failing to explain "how Doe 4 proved the same 'exceptional circumstance' without the benefit of the Markle testimony or any similar testimony from a different provider." (Butler Obj. 14–15, ECF No. 192.) Specifically, Butler asserts that Dr. Markle's testimony must be weighed "as a positive factor" for Does 1–3, but as "a deficiency" for Doe 4. (*Id.* 15.) The Court disagrees.

To the extent Judge Klump found that Doe 4's fears were corroborated by Dr. Markle's testimony, this was not clear error. Butler briefly argues that Dr. Markle's testimony is "treating physician" testimony and therefore lacks foundation as to Doe 4. (Butler Reply 8, ECF No. 194.) Yet, Does expected Dr. Markle to, in part, more generally "testify as to the risk of harm sexual abuse victims face in revealing their abuse." (Pls.' Witness List Pseudonymity Hr'g 2, ECF No. 136.) Thus, although Dr. Markle did not treat Doe 4, this does not render Dr. Markle's testimony irrelevant with respect to Doe 4. Rather, as expected, Dr. Markle testified that her professional experience as a licensed psychologist involved treating hundreds of sexual assault survivors, in addition to Does 1–3. (Pseudonymity Hr'g Tr. 22:3–4, 23:24–24:4, 27:21–28:5, ECF No. 202.) Thus, Dr. Markle's testimony was certainly relevant to the extent Dr. Markle testified about "very common" symptoms experienced by sexual assault survivors. (*See id.* 27:15–20.) Those "very common" symptoms that Dr. Markle identified include several symptoms that Doe 4 experienced and fears the return of should she be publicly identified. (*Id.* 27:15–20, 9:6–14.) Accordingly, Judge Klump

12

did not err to the extent she considered Doe 4's testimony corroborated by Dr. Markle's.

### B. Balance of Harms

Judge Klump concluded that the risk of harm to Doe 4 from public identification "exceeds the likely harm from concealment." (Order 9–10, ECF No. 188) (quoting *Dettelbach*, 59 F.4th at 259). Judge Klump's analysis of the balance of harms focuses on prejudice to Butler. At the hearing, Butler confirmed that it has not been prejudiced by Does' pseudonymity thus far. (*Id.* 9.) Moreover, Judge Klump observed that neither Defendant reported that Does' pseudonymity has hindered liability discovery, third-party discovery, or summary judgment. (*Id.*) Judge Klump acknowledged that Butler asserts that it would be prejudiced by using pseudonyms at trial but concluded that this "argument was left largely undeveloped." (*Id.*)

Butler argues that Judge Klump's Order is clearly erroneous and contrary to law because it weighed Doe 4's exceptional circumstance against only prejudice to Butler. (Butler Obj. 13–14, ECF No. 192.) Butler acknowledges that Judge Klump articulated the correct standard: Doe 4 must "demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from [concealing the party's identity]." (*Id.* 13 (quoting Order 3, ECF No. 188)). Yet, Butler asserts that the Order "is silent on 'the public policy in favor of identified parties,'" and, consequently, Judge Klump "fail[ed] to implement the 'outweigh' rule." (*Id.* 14.) "An evaluation that is

13

missing the core required evidentiary finding on relative weight is clearly incomplete and therefore clearly erroneous." (Butler Reply 7, ECF No. 194.)

Judge Klump identified the correct legal standard and determined "[t]hat standard is satisfied here." (Order 9–10, ECF No. 188.) Accordingly, the exclusion of a specific reference to "public policy" does not mean that Judge Klump failed to weigh Doe 4's exceptional circumstances against the public's right to know. Rather, Judge Klump's analysis addressed Butler's undeveloped argument that it would be prejudiced by Does' pseudonymity at trial and noted the lack of prejudice against Butler thus far. Moreover, Butler's brief in support of its objection fails to identify any compelling public interest in Does' identities that Judge Klump should have explicitly addressed. Butler has been unable to do so since the outset of this case. (*See* Order 12, ECF No. 45 ("[N]one of the Defendants responded to Plaintiff's argument that there is no compelling public interest in identifying her.")). There is no evidence to suggest that Judge Klump neglected to consider the public interest in her analysis—especially where she addressed the public interest in her previous pseudonymity orders and considering Butler's inability to articulate a public policy effect that weighs in its favor. (*Id.*; Order 10–11, ECF No. 51.)

Accordingly, the Court concludes that Judge Klump's conclusion that the risk of harm to Doe 4 from public identification "exceeds the likely harm from concealment" is not contrary to law.

## IV. Conclusion

For the foregoing reasons, Butler's Objection to Order Granting Continuation of Pseudonymity for Plaintiff Doe 4, (ECF No. 192), is **overruled**, and Judge Klump's Order, (ECF No. 188), is **affirmed**.

**SO ORDERED.**

Date: 12/29/2025

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Bailor Bell
The Fierberg National Law Group
bbell@tfnlgroup.com

Anne L. Cowgur
Paganelli Law Group
acowgur@paganelligroup.com

Rachael J. Denhollander
The Fierberg National Law Group, PLLC
rdenhollander@tfnlgroup.com

Douglas E Fierberg
The Fierberg National Law Group, PLLC
dfierberg@tfnlgroup.com

Jacob Ryan Goodman
The Fierberg National Law Group, PLLC
jgoodman@tfnlgroup.com

William P. Kealey
Stuart & Branigin LLP
wpk@stuartlaw.com

Gregory L. Laker
COHEN & MALAD LLP
glaker@cohenandmalad.com

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com

Andrea Rose Simmons
Cohen & Malad LLP
asimmons@cohenandmalad.com