UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE 1, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01302-JRS-MKK |
| | ) |
| BUTLER UNIVERSITY, | ) |
| MICHAEL HOWELL individually and as | ) |
| an agent of Butler University, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| BUTLER UNIVERSITY, | ) |
| MICHAEL HOWELL individually and as | ) |
| an agent of Butler University, | ) |
| | ) |
| Cross Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL HOWELL individually and as | ) |
| an agent of Butler University, | ) |
| BUTLER UNIVERSITY, | ) |
| | ) |
| Cross Defendants. | ) |
| | ) |
| JANE DOE 2 1:23-cv-1303, | ) |
| JANE DOE 3 1:23-cv-1306, | ) |
| JANE DOE 4 1:23-cv-1457, | ) |
| | ) |
| Consol Plaintiffs. | ) |

**Order On Plaintiffs' Motion to Enter Final Judgment and
to Certify Interlocutory Appeal**

Plaintiffs, Jane Does 1–4, move for (1) entry of final judgment under Federal Rule

of Civil Procedure 54(b) on Does' negligence claims against Defendants Butler

1

University ("Butler") and Ralph Reiff; and (2) certification for interlocutory appeal under 28 U.S.C. § 1292(b) of the "statute of limitations portion" of the Court's March 31, 2025, Order. (ECF No. 184.) For the below reasons, Does' motion is **denied**. Accordingly, Does' Unopposed Motion for Partial Relief from Bankruptcy Stay to pursue an interlocutory appeal, (ECF No. 206), is also **denied**.

## I. Background

Does 1–4, former Butler women's soccer players, each filed a Complaint alleging various tort claims against Michael Howell, their athletic trainer at Butler; Ralph Reiff, an associate athletic director at Butler; and Butler University. (*See, e.g.*, Doe 1 Compl., ECF No. 1.) Does asserted negligence claims against Butler and Reiff and claims of battery, assault, and intentional infliction of emotional distress against Howell for which Does allege that Butler is vicariously liable. (*Id.*) Butler filed a crossclaim for indemnification from Howell under each Doe's Complaint. (*See, e.g.*, Butler Crossclaim Doe 1, ECF No. 66.) Howell filed crossclaims against Butler, alleging violations of Title IX and asserting defamation and negligence claims. (Howell Crossclaim Butler, ECF No. 73.) Howell later filed for Chapter 13 bankruptcy, (*see* ECF No. 175), and the Court stayed proceedings as to Does' claims against Howell, Butler's claims against Howell, and Howell's claims against Butler, (ECF No. 176).

The Court granted summary judgment on Does' negligence claims in favor of Butler and Reiff. (Order Mot. Summ. J., ECF No. 183.) The Court found, as a matter of law, that Butler and Reiff did not owe a duty of care to Does to take measures to protect them from Howell's alleged sexual abuse. (*Id.* 14.) The Court denied

summary judgment on Does' vicarious liability claims against Butler and dismissed some of Does' claims as time barred. (*Id.* 23.)

Accordingly, the following claims remain pending before the Court: Does' claims against Howell, Does' vicarious liability claims against Butler, Butler's crossclaim against Howell, and Howell's crossclaims against Butler. (*See id.*) As discussed above, however, these claims are stayed pending resolution of Howell's bankruptcy proceedings. While these claims remain pending, Does seek to appeal the Court's grant of summary judgment in favor of Butler and Reiff and the dismissal of time-barred claims. (ECF No. 184.)

## II.   Rule 54(b)

Does' motion for entry of final judgment on their negligence claims against Butler and Reiff is **denied** because Does' negligence claims do not constitute a separable "claim" for Rule 54(b) purposes.

### A. Legal Standard

United States Courts of Appeals "have jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291. Federal Rule of Civil Procedure 54(b) provides an exception to the general rule that orders resolving fewer than all the claims in a case are not "final" for purposes of appeal. *Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011); *see also Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990) ("Rule 54(b) departs from the norm of one appeal per case, a norm that prevents duplicative and time-consuming appeals."). In relevant part, Rule 54(b) allows for "entry of a final judgment as to one or more, but fewer than all, claims or parties only if the [C]ourt expressly determines that there

3

is no just reason for delay." Fed. R. Civ. P. 54(b).  Before the Court may enter a final judgment under Rule 54(b), the Court must make two determinations: "(1) that the order in question was truly a 'final judgment,' and (2) that there is no just reason to delay the appeal of the claim that was 'finally' decided." *Gen. Ins. Co. of Am.*, 644 F.3d at 379 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435–37 (1956)).

First, the Court must determine whether it has "actually rendered a 'final judgment'—'a "judgment" in the sense that it is a decision upon a cognizable claim for relief,' and '"final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."'" *Mwangangi v. Nielsen*, 48 F.4th 816, 823 (7th Cir. 2022) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).  Accordingly, the Court's grant of summary judgment on Does' negligence claims in favor of Butler and Reiff is a "final judgment" for Rule 54(b) purposes if Does' negligence claims represent a separable "claim" from those that remain pending before the Court.  *See id.*

The Seventh Circuit interprets a "claim" under Rule 54(b) "to include all elements of a case with sufficient factual and legal overlap that they could generate successive appeals on the same topic." *Horn*, 898 F.2d at 593.  In other words, "[t]wo distinct claims are but one for purposes of Rule 54(b) if they have a 'significant factual overlap.'" *Ind. Harbor Belt R.R. Co. v. Am. Cyanamid Co.*, 860 F.2d 1441, 1444–45 (7th Cir. 1988); *cf. Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Cos.*, 408 F.3d 935, 939 (7th Cir. 2005) ("Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court,

4

where 'separate' means having minimal factual overlap."). "Subsumed within the significant factual overlap theory is the rule that a claimant who has set forth a number of legal theories in support of only one possible recovery has stated only one claim for relief." *Ind. Harbor Belt R.R. Co.*, 860 F.2d at 1445. Thus, one claim is not truly separate from another if its resolution only settles one theory of liability rather than the entire issue of liability for an injury. *See id.* Consequently, "[t]heories of relief are not separate 'claims' under Rule 54(b) even if pleaded in separate counts." *Horn*, 898 F.2d at 593; *cf. WEC 98C-3 LLC v. SFA Holdings Inc.*, 99 F.4th 961, 967 (7th Cir. 2024) (quoting *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008)) ("Even if two claims arise from the same event or occurrence, they may be separable for Rule 54(b) purposes if they rely on entirely different legal entitlements yielding separate recoveries, rather than different legal theories aimed at the same recovery."); *see also Mwangangi*, 48 F.4th at 823–24 (concluding that properly appealed claims were rooted in discrete facts and sought redress for distinct and separately compensable harms compared with the claims pending before the district court).

Second, the Court must determine whether there is "no just reason for delay." *Gen. Ins. Co. of Am.*, 644 F.3d at 379. In doing so, the Court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. "Not all final judgments on individual claims should be immediately appealable." *Id.* "Courts may not accommodate attorneys just because they want to appeal immediately; a separate judgment under Rule 54(b) multiplies the costs of

5

litigation for opposing parties and for the appellate court, and these interests deserve thoughtful consideration." *Horn*, 898 F.2d at 592. Consequently, this determination is a matter of discretion. *See Mwangangi*, 48 F.4th at 823.

### B. Discussion

Here, Does seek entry of final judgment as to their negligence claims against Butler and Reiff. The Court concludes, however, that the grant of summary judgment on Does' negligence claims in favor of Butler and Reiff was not a "final judgment" because Does' negligence claims do not represent a single "claim" under Rule 54(b) that is distinct from Does' remaining claims. Rather, Does' negligence and intentional tort claims are "merely different bases for a single recovery." *Ind. Harbor Belt R.R. Co.*, 860 F.2d at 1445. For example, each Count in Does 1–4's Complaints identifies a common injury for which Does seek to recover damages: "[Doe] suffered and continues to suffer severe physical and emotional injuries, distress, and other injuries and damages for which she is entitled to be compensated." (*See, e.g.*, Doe 1 Compl. ¶¶ 215, 223, 235, 242, 249, ECF No. 1.) Thus, Does' various tort claims represent different theories of liability for the same injury, not "different legal entitlements yielding separate recoveries." *WEC 98C-3 LLC*, 99 F.4th at 967. Moreover, because Does have asserted the same injury across their negligence and intentional tort claims, these claims share significant factual overlap with respect to damages. *See Lottie*, 408 F.3d at 938–39; *see also Gen. Ins. Co. of Am.*, 644 F.3d at 379 (quoting *Marseilles Hydro Power, LLC*, 518 F.3d at 464) (limiting Rule 54(b) appeals to "situations where one of multiple claims is fully adjudicated—to spare the

6

court of appeals from having to keep relearning the facts of a case on successive appeals"). Consequently, entry of final judgment is not appropriate under Rule 54(b).

Does argue, however, that summary judgment on Does' negligence claims in favor of Butler was a "final judgment" because the negligence claims involve "distinct evidentiary issues and theories of liability from their intentional tort claims." (Pl.'s Br. 5, ECF No. 185.) The Court agrees that Does' negligence claims involve different liability theories and, consequently, different evidentiary issues. Yet, different theories of liability involving different evidentiary issues may constitute one "claim" under Rule 54(b) if aimed at the same recovery. *See WEC 98C-3 LLC*, 99 F.4th at 967; *Mwangangi*, 48 F.4th at 823–24. Does do not address whether or how the harms suffered as a result of Butler's alleged negligence differ from the harms suffered as a result of Howell's alleged intentional torts. And, as discussed above, Does' tort claims are seemingly aimed at the same recovery. Accordingly, Does' argument is unavailing. Moreover, Does argue that entry of final judgment is proper when only one defendant's conduct remains at issue or when the remaining claims are stayed pending bankruptcy proceedings. (Pl.'s Br. 5–6, ECF No. 185) (collecting cases.) These circumstances do not eliminate the need to determine whether the claim sought to be appealed is distinct under Rule 54(b). Here, the Court has determined that it is not.

The Court need not evaluate whether Does have demonstrated there is "no just reason for delay." The Court does, however, appreciate Does' concerns that resolution of their claims may take months or years given Howell's bankruptcy proceedings.

7

That being said, the finality requirement of Rule 54(b) is jurisdictional, not discretionary. *See Marseilles Hydro Power, LLC*, 518 F.3d at 464. Consequently, Does must wait until the stay is lifted and the pending claims resolved to seek appellate review of their negligence claims.

### III. Interlocutory Appeal

Does' motion for certification for interlocutory appeal under 28 U.S.C. § 1292(b) of the "statute of limitations portion" of the Court's Order on Motion for Summary Judgment is **denied** because the statute of limitations question is not contestable.

#### A. Legal Standard

A party may petition for leave to file an interlocutory appeal of a nonfinal order under 28 U.S.C. § 1292(b). *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). There are four statutory criteria for granting a § 1292(b) petition: "there must be question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Id.* (emphasis in original). "There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Id.* The Court "may not and should not" certify its nonfinal order for interlocutory appeal "[u]nless *all* these criteria are satisfied." *Id.* at 676.

#### B. Discussion

Does move to certify "the statute of limitations portion" of the Court's Order on Motion for Summary Judgment, (ECF No. 183), for interlocutory appeal under § 1292(b). In that portion of the Order, the Court dismissed Does' time-barred claims. The Court identified the two-year statute of limitations period for negligence and tort

8

claims under Indiana law. (*Id.* 21) (first citing *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992); then citing *Stickdorn v. Zook*, 957 N.E.2d 1014, 1021 (Ind. Ct. App. 2011)). The Court explained that, in Indiana, a cause of action accrues—and the statute of limitations begins to run—"when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." (*Id.*) (quoting *Doe v. United Methodist Church*, 673 N.E.2d 839, 842 (Ind. Ct. App. 1996)). Accordingly, the Court determined that the issue was "at what point Jane Does realized Howell was sexually abusing them." (*Id.* 21.) The Parties, unsurprisingly, disagreed about the point at which Does realized that Howell was sexually abusing them. (*See id.* 21–22.)

The Court considered Does' Complaint allegations: Doe 1 alleges that she was afraid of Howell and once cried when he entered the room, (*id.* 22) (citing Doe 1 Compl. ¶ 167, ECF No. 1); Doe 2 alleges that Howell's treatments made her "feel nervous, uncomfortable, and afraid," (*id.*) (quoting Doe 2 Compl. ¶ 54, ECF No. 1, case no. 1:23-cv-01303-JRS-MKK); and Doe 4 alleges that after a particular treatment session she "suffered an anxiety attack, called her boyfriend in a panic, wanted to quit soccer, and hid in the bathroom," (*id.*) (quoting Doe 4 Compl. ¶ 89, ECF No. 1, case no. 1:23-cv-01457-JRS-MKK). The Court concluded that Does were obviously uncomfortable with and fearful of Howell's "treatments"; therefore, it was "unlikely they believed Howell's behavior was entirely normal." (*Id.* 22–23.) The Court found Does' arguments to the contrary to be "a stretch." (*Id.* 22.) The Court observed that the applicable "discovery rule" is an objective standard; it asks whether

9

a reasonable person under the circumstances would have realized they were being harmed. (*Id.* 22) (citing *Martin Oil Mktg. Ltd. v. Katzioris*, 908 N.E.2d 1183, 1188 (Ind. Ct. App. 2009)). Accordingly, the Court concluded that, as a matter of law, a reasonable person would recognize that they had been harmed after each act of alleged abuse. (*Id.* 23.) Thus, the Court dismissed Does' claims arising out of events that occurred more than two years before Does' Complaints were filed. (*Id.*)

The Court declines to certify the "the statute of limitations portion" of its Order for interlocutory appeal under § 1292(b) because the statute of limitations issue is not contestable. An issue is contestable if "there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). "[A]n issue is not contestable merely because reasonable judicial minds could differ, nor . . . when the court is unguided by binding precedent." *Emley v. Wal-Mart Stores, Inc.*, No. 1-17-cv-02350-SEB-TAB, 2020 WL 108374, at *5 (S.D. Ind. Jan. 8, 2020). Rather, the Court must analyze the "strength of the arguments in opposition to the challenged ruling," including by "examining whether other courts have adopted conflicting positions regarding the issue of law proposed for certification." *Whipkey v. Eli Lilly & Co.*, No. 1:20-cv-00450-SEB-MPB, 2021 WL 11963021, at *2 (S.D. Ind. Mar. 16, 2021) (quoting *United States v. Select Med. Corp.*, No. 3:12-cv-00051-RLY-DML, 2017 WL 468276, at *3 (S.D. Ind. Feb. 3, 2017)). "[I]t is beyond dispute that interlocutory appeal is unjustified, inefficient, and unnecessary when the movant has not set forth substantial conflicting decisions regarding the claimed controlling issue of law." *CSX Transp., Inc. v. Zayo Grp., LLC*, No. 1:21-cv-02859-JMS-MJD, 2024 WL 3105838, at *5 (S.D. Ind. June 24, 2024)

(quoting *Carlson v. Brandt*, No. 97 C 2165, 1997 WL 534500, at *6 (N.D. Ill. Aug 22, 1997)).

Does have not demonstrated that the "statute of limitations issue" is contestable. Does fail to identify any decisions, much less any conflicting decisions, to support their argument that the statute of limitations question is contestable. Rather, Does' sole contestability argument is that the Court used "mitigating language" to reject Does' statute of limitations arguments "rather than sternly dismissing" them. (Pl.'s Br. 9, ECF No. 185.) Specifically, the Court concluded that Does' argument was "a stretch" and that it was "unlikely" that Does believed Howell's behavior was normal. (Order Mot. Summ. J. 22–23, ECF No. 183.) This "mitigating language," according to Does, "supports a conclusion that the issue is contestable." (Pl.'s Br. 9, ECF No. 185.) Not so. The Court recognizes that Does contest its ruling on the statute of limitations issue, but that ruling was based on the Court's review of the record evidence and application of controlling law, and Does have not set forth "substantial conflicting decisions." *CSX Transp., Inc.*, 2024 WL 3105838, at *5.

Because the statute of limitations issue is not contestable, the Court need not address the remaining certification criteria to deny Does' motion for certification. *Ahrenholz*, 219 F.3d at 675–76 (foreclosing certification under § 1292(b) "[u]nless *all* these criteria are satisfied").

11

## IV.  Conclusion

For the foregoing reasons, Does' Unopposed Motion for Partial Relief from Bankruptcy Stay, (ECF No. 206), is **denied**, and Does' Motion to Enter Final Judgment and to Certify Interlocutory Appeal, (ECF No. 184), is **denied**.

**SO ORDERED.**

Date:   12/29/2025

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Bailor Bell
The Fierberg National Law Group
bbell@tfnlgroup.com

Anne L. Cowgur
Paganelli Law Group
acowgur@paganelligroup.com

Rachael J. Denhollander
The Fierberg National Law Group, PLLC
rdenhollander@tfnlgroup.com

Douglas E Fierberg
The Fierberg National Law Group, PLLC
dfierberg@tfnlgroup.com

Jacob Ryan Goodman
The Fierberg National Law Group, PLLC
jgoodman@tfnlgroup.com

William P. Kealey
Stuart & Branigin LLP
wpk@stuartlaw.com

Gregory L. Laker
COHEN & MALAD LLP
glaker@cohenandmalad.com

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com

Andrea Rose Simmons
Cohen & Malad LLP
asimmons@cohenandmalad.com